**Robert SMITH et al., Appellant,**

v.

**Sarah Laverne BOWERS, Appellee.**

**No. 4965.**

**Court of Civil Appeals of Texas, Waco.**

Dec. 31, 1970.

Akin, Vial, Hamilton, Koch & Tubb,
C. L. Mike Schmidt, Robert H. Frost,
Dallas, for appellant.

Pemberton & Green, Bill Pemberton,
Greenville, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiffs Smith,
et al. from a take nothing judgment against
defendant Bowers, in a suit for perma-
nent injunction to enjoin defendant from
continuing the use of an alleged mobile
home on lots 152 and 153 Shawnee Shores
Estates, Hunt County.

Plaintiff Smith individually and as an
officer of South Tawokoni Homeowners
Association sued defendant Bowers alleg-
ing she had placed a mobile home upon
lots 152 and 153 in Shawnee Shores Es-
tates in direct violation of restrictions
against same, of record in Volume 603,
page 635 of the Deed Records of Hunt
County. Plaintiffs sought injunction re-
quiring defendant to remove such mobile
home from the property.

Defendant answered that she took her
land by general warranty deed, without
knowledge actual or constructive of the
asserted restrictions; and further denied
that her home was a mobile home.

Trial was to the court without a jury
which entered judgment denying plain-
tiffs' injunction.

The trial court filed Findings of Fact
and Conclusions of Law, pertinent of which
are summarized.

FINDINGS OF FACT

1) Defendant Bowers purchased lots
152 and 153 of Shawnee Shores Estate
from W. V. Mitchell and wife on Feb-
ruary 12, 1968, obtaining a warranty
deed therefor.

2) W. V. Mitchell and wife purchased
lots 152 and 153 of Shawnee Shores Es-
tates from L. J. Rentz and wife on
March 18, 1965, obtaining a Warranty
Deed therefor, which stated the con-
veyance was made subject to the prop-
erty restrictions of record in Vol. 603,
p. 635 Deed Records of Hunt County.

3) The property restrictions in Vol. 603,
p. 635 Deed Records Hunt County which
prohibit mobile homes from being ac-
cepted in Shawnee Shores Estate were
contained in defendant Bowers chain
of title to lots 152 and 153 of Shawnee
Shores Estate.

4) Motor vehicle title certificate
#53899754 was issued defendant Bowers
September 17, 1969 naming her as own-
er of the mobile home in question.

5) Defendant Bowers is in fact the owner of the mobile home which is subject of this suit.

6) Defendant Bowers moved her mobile home into Shawnee Shores Estate June 13, 1969.

## CONCLUSIONS OF LAW

1) The plat of Shawnee Shores Estate was not entitled to be recorded because it did not meet the requirements of Article 6626 and 6626a in not being executed or acknowledged by the owners; does not tie to an original survey; and was not approved by the Commissioner's Court.

2) The restrictions recorded in Vol. 603, p. 635 do not prohibit mobile homes in Shawnee Shores Estates because the restrictions do not refer to any plat that may be found.

3) Defendant Bowers did not have actual or constructive notice of the restrictions.

4) The home defendant moved onto the property was a mobile home at the time it was moved onto the property.

5) Such mobile home's characteristics were so changed that it became attached to the realty and was the homestead of defendant.

6) The defendant's home is not movable or portable in its present condition.

7) The home has a permanent foundation for year round living; is connected to utilities; and is on a foundation the construction of which is permanent.

Plaintiffs appeal on 4 points contending:

1) The trial court erred in holding defendant did not have constructive notice of the deed restrictions in Volume 603 p. 635 Deed Records of Hunt County, which restrictions were in defendant's chain of title prohibiting existence of mobile homes in Shawnee Shores Estate.

2) The trial court erred in holding defendant's dwelling does not constitute a "mobile home" in violation of the restrictions.

3) The trial court erred in holding defendant's dwelling does not constitute a "mobile home" because there is no evidence to support such holding.

4) The trial court erred in holding defendant's dwelling does not constitute a "mobile home" because there is insufficient evidence to support such holding.

Contention 1 asserts defendant had constructive notice of the deed restrictions in Vol. 603, p. 635.

These restrictions provide that "no mobile homes will be accepted" * * * "in the residential area of Shawnee Shores as designated in the plat filed in the Courthouse of Hunt County, Greenville, Texas." There is a plat in Vol. 400, p. 199 Deed Records of Hunt County which was not referred to by Volume and Page in the restrictions and which was not entitled to be recorded, as it did not meet the requirements of Articles 6626 and 6626a as found by the trial court's conclusion 1.

■ Defendant Bowers purchased her property from Mitchell and wife and received a general warranty deed. Mitchell and wife purchased the property from the Rentz's, and their deed stated the conveyance was subject to "property restrictions of record in Vol. 603, p. 635 Deed Records of Hunt County". The Rentz to Mitchell deed is in defendant's chain of title, and refers to the restrictions against mobile homes on the property.

A purchaser is charged with notice of the existence, contents, and legal effects of all instruments contained in his chain of title or connected therewith. He is bound by every description, recital, reference and reservation, and by every other matter contained in or fairly disclosed by any instrument which forms an essential link in the chain of title under which he claims,

irrespective of whether the instrument is recorded, or whether he has actually seen or read it, or has any knowledge of its contents.

And a purchaser is charged with knowledge of any other instrument to which the conveyance refers. Gulf Pro. Co. v. Continental Oil Co., 139 Tex. 183, 132 S.W.2d 553; Williams v. Harris County Houston Ship C. Nav. Dist., 128 Tex. 411, 99 S.W. 2d 276; Bein v. McPhaul, Tex.Civ.App., (NWH) 357 S.W.2d 420; Steed v. Crossland, Tex.Civ.App., err. ref., 252 S.W.2d 784.

The recordation or non-recordation of instruments such as here involved is not material to the issue of constructive notice where the restrictions are as here, specifically referred to in chain of title.

Point 1 is sustained. Defendant under the authorities cited, had constructive notice of the deed restrictions in Vol. 603, p. 635 Deed Records of Hunt County.

Plaintiffs' 2nd, 3rd and 4th points assert the trial court erred in holding defendant's dwelling does not constitute a mobile home; that there is no evidence; or insufficient evidence to support such holding.

■ Defendant's dwelling was initially a mobile home. After being brought on defendant's property it underwent changes which the trial court held altered its character so that it was no longer a mobile home. The evidence as to the "changed" character of the mobile home was: 1) it was connected to sewage, water and electric lines; 2) there are cement blocks supporting it which is a permanent foundation; 3) the wheels of the structure have been removed; 4) it has a metal strip around the base concealing the void space between the dwelling and the ground. There are photographs of the structure in its present form in the record. The evidence reflects that to remove the dwelling from the location: 1) the utilities would have to be disconnected; 2) the wheels replaced; 3) and the blocks removed.

We think the evidence insufficient to support the trial court's finding that the dwelling does not constitute a mobile home. See 96 A.L.R.2d 226 et seq. Point 4 is sustained.

The judgment of the trial court is reversed and the cause remanded.

Reversed and remanded.

WILSON, Justice.

I concur in the result, but I am inclined to the opinion there is no evidence to support the finding the dwelling is not a "mobile home".