Helen L. COOKSEY, Petitioner,

v.

Michael SINDER et al., Respondents.

No. C–3562.

Supreme Court of Texas.

Dec. 12, 1984.

Ferrero, Brasch, Friebele & Mardis, Randell W. Friebele, Harlingen, Yzaguirre, Chapa & Rocha, Juan Rocha, Jr., McAllen, for petitioner.

### PER CURIAM.

Helen Cooksey asks this court to render judgment that she be allowed to foreclose on a real property lien. Cooksey sold some property to Michael Sinder and his wife on March 4, 1980. The Sinders signed a promissory note and Cooksey executed a warranty deed with vendor's lien, which among other things provided for a retention of superior title in Cooksey until the note was paid in full. This deed was properly filed in the Hidalgo County deed records prior to any subsequent sales of the subject property.

Two years later, Michael and Peggy Sinder sold the property by assumption deed to Michael's parents, Allan and Betty Sinder, who later sold a portion of the property to Tierra Buena Investment, Inc. Thereafter, Michael and Peggy Sinder defaulted on their note to Cooksey. Cooksey sought judgment on the note and to foreclose the lien on the property owned by the Sinder parents and Tierra Buena. Cooksey obtained summary judgment against Michael and Peggy Sinder for the amount owed on the note, but the trial court rejected her motion for summary judgment against the Sinder parents and Tierra Buena for foreclosure on the lien. The trial court, however, granted Tierra Buena and the Sinder parents their requested summary judgment, denying foreclosure on the property and prohibiting Cooksey from recording or foreclosing the lien against them.

In an unpublished opinion, the court of appeals reversed the order prohibiting foreclosure. It held that while Tierra Buena's and the Sinder parents' innocent purchaser defense would bar foreclosure, this was a disputed fact question. Therefore, the court of appeals remanded the case for a trial on the merits. Cooksey asks this court to reverse the appellate court's order of remand and to render judgment allowing her to foreclose on her lien.

In order for Cooksey to be entitled to foreclosure as a matter of law, she must negate at least one of the three necessary elements of the innocent purchaser defense. She must establish that Tierra Buena and the Sinder parents did not buy the property in good faith, or that they did not purchase the land for value, or that they did have legal notice of her lien. *See Strong v. Strong*, 128 Tex. 470, 98 S.W.2d 346, 347 (Comm'n App.1936, opinion adopted). Cooksey filed the warranty deed with vendor's lien approximately two weeks after its execution. A purchaser is charged with knowledge of the provisions and contents of recorded instruments. *Id.* at 348. Purchasers are also charged with notice of the terms of deeds which form an essential link in their chain of ownership. *Westland Oil Corp. v. Gulf Oil Corp.*, 637 S.W.2d 903, 908 (Tex.1983). Because Cooksey's deed was properly recorded and within the chain of title of the Sinder parents and Tierra Buena, they had legal notice of the lien and thus took the property subject to that lien. This defeats their innocent purchaser defense. Cooksey is entitled to judgment and foreclosure on the property in the possession of Tierra Buena and the Sinder parents.

Pursuant to Tex.R.Civ.P. 483, we grant the application for writ of error. Without hearing oral argument, we reverse the judgment of the court of appeals and remand this cause to the trial court for a rendition of judgment in accordance with this opinion and Tex.R.Civ.P. 309.