**Jay H. JOHNSON, Appellant,**

v.

**FIRST SOUTHERN PROPERTIES, INC., Appellee.**

No. C14–84–093CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 31, 1985.

Rehearing Denied March 14, 1985.

C. Wayne Holder, C. Wayne Holder & Associates, Freeport, for appellant.

Richard H. Callison, Parks & Moss, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and ELLIS, JJ.

## OPINION

ROBERTSON, Justice.

This is an appeal from a judgment approving a foreclosure sale. Appellant purchased a condominium apartment in November, 1978. After August, 1979, however, he failed to make any monthly maintenance fee payments. Pursuant to provisions in the Condominium Declaration (declaration), the property was foreclosed on and purchased by appellee. Appellant thereafter filed suit to set the sale aside, but the trial court affirmed. In various points of error, appellant now attacks both the substantial and procedural validity of the foreclosure sale. We affirm.

Although the underlying facts are simply stated, this case presents a novel and complex question for our consideration. Appellant purchased his apartment subject to certain covenants and conditions on file in the Harris County records. Among the papers on file at the time of purchase was the Condominium Declaration. This declaration states that the homeowner's council has a lien on each apartment for any unpaid assessments and obligates all co-owners of the project "to contribute, in proportion to their respective share in the Common Elements, to the payment of common expenses as a common charge covering the expenses of administration of the Project and the administration, maintenance, repair and replacement of the Common Elements, and other expenses authorized by the terms hereof." (Appellant had an undivided .433 percentage interest in the common elements as set forth in the declaration). Furthermore, the declaration authorized the council to enforce that lien through "nonjudicial foreclosure pursuant to Article 3810 of the Texas Revised Civil Statutes and [the] Co-owner[s] [hereby] expressly grant[ed] to the Board a power of sale in connection with said lien" through a trustee designated in writing by the Board. Appellant now suggests that these provisions were ineffective under two theories.

■ Appellant first argues that the forced sale for payment of debts violated his constitutional homestead protections. TEX. CONST. art. XVI § 50. He reasons that since this lien does not fall into any of the listed exceptions to the ban on forced sales of homesteads, the foreclosure was invalid. *See* TEX. CONST. art. XVI § 50; TEX.REV.CIV.STAT.ANN. art. 3839 (Vernon 1966) (repealed and now located at Tex.Prop.Code Ann. § 41.002 (Vernon Supp.1983)). While appellant has presented a correct statement of Texas homestead law, several more basic principles come into play in this case. The shelter of a homestead is not unassailable. Rather, a right, such as a lien, may prevail over a homestead claim if such right exists before the land becomes a homestead. *See Miles Homes of Texas, Inc. v. Brubaker*, 649 S.W.2d 791, 793 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.); *Minnehoma Financial Company v. Ditto*, 566 S.W.2d 354, 357 (Tex.Civ.App.—Fort Worth 1978, writ ref'd n.r.e.); *Savell v. Flint*, 347 S.W.2d 24, 27 (Tex.Civ.App.—Eastland 1961, writ ref'd n.r.e.). The critical question then is whether the assessment lien "existed" prior to appellant's claim of the apartment as his homestead.

■ It is firmly established in Texas law that to create a homestead the person claiming the homestead must prove concurrent usage and intent to claim the property as homestead. *Lifemark Corporation v. Merritt*, 655 S.W.2d 310, 314 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.). This determination becomes somewhat complicated when the "usage" follows the intent. During this interim period when the intention has not ripened into actual occupancy, the owner can, in effect, waive his homestead claim by making representations relinquishing that claim. *See Savell v. Flint*, 347 S.W.2d at 27. Such representations can defeat a homestead without further reference to the homestead exemptions.

■ In the instant case, appellant signed the papers relating to the purchase of the

apartment on October 13, 1978, and moved in on November 1, 1978; consequently the interim rules come into play. The deed and the deed of trust represented that he took the apartment *subject to* the declaration, which declaration designated that the homeowner's council had an assessment lien. This, of course, amounted to a prior relinquishment of appellant's homestead claim. We therefore hold that the assessment lien constituted a valid pre-existing debt which would overcome the homestead claim. *See Cooksey v. Sinder,* 682 S.W.2d 252, 253 (Tex.1984).

Under a second theory, appellant contends that the declaration violated the Condominium Act effective at the time of purchase. He suggests that the Act did not authorize non-judicial foreclosure, and in fact provided that the sole remedy was to be a preferential payment upon sale of the unit. TEX.REV.CIV.STAT.ANN. art. 1301a § 18 (Vernon 1980) (repealed and now located at Tex.Prop.Code Ann. § 81.-208 (Vernon Supp.1983)). Consequently, he argues that the declaration providing for non-judicial foreclosure is invalid.

■ Neither the Act nor the declaration state that the remedies found in the Act are exclusive. The Act provides a framework to be utilized, if desired, but co-owners may certainly establish remedies in addition to those in the Act. *See* TEX.REV.CIV.STAT.ANN. art. 1301a § 3 (1980) (repealed and now located at Tex.Prop.Code Ann. § 81.001 et seq. (Vernon Supp.1983)). Appellant's points contesting the substantial validity of the foreclosure are overruled.

■ In his next points, appellant claims that he received inadequate notice of the trustee's sale. He first points out that the notice was addressed to J.D. Johnson instead of Jay H. Johnson. This error, he suggests, violated the provisions of article 3810 that the notice must be properly addressed. TEX.REV.CIV.STAT.ANN. art. 3810 (Vernon 1966) (repealed and now located at Tex.Prop.Code Ann. § 51.002 (Vernon Supp.1983)). While the address did contain the illuminated inconsistency, it was properly addressed in all other respects. Furthermore, appellant admitted receiving the notice. We accordingly hold that the address on the notice was sufficient. *See Ogden v. Gibralter Savings Association,* 620 S.W.2d 926, 928–29 (Tex. Civ.App.—Corpus Christi 1981), *rev'd on other grounds,* 640 S.W.2d 232 (Tex.1982).

■ Similarly, appellant argues that the fact that the notice was of a foreclosure for failure to pay maintenance fees instead of notice of acceleration of an assessment lien as required by the declaration amounted to a fatally defective error. We disagree. Again, while the notice was not technically perfect, it was sufficient to fulfill the purposes of the notice requirement and did not rise to the level of harmful error. *See* TEX.R.CIV.P. 434.

In his remaining points of error, appellant complains that Richard Hall was not properly appointed as trustee according to the terms and conditions of the declaration. If we properly understand his contentions, he suggests that since Rex Baker was named trustee in the deed of trust, the only way that the trustee could be changed and Mr. Hall named as replacement would be through a written instrument, signed by the president or vice-president of the homeowner's council, attested by the secretary and filed in the Real Property Public Records. We do not follow this reasoning.

Appellant's arguments appear to rest on a misinterpretation of the various documents here involved. As pointed out by appellant, Rex Baker was named as trustee in the *deed of trust,* having the power of sale to protect the lender. However, independent thereof, the *condominium declarations* provided that the board had the power of sale to enforce the assessment liens and authority was given to the board to "designate a trustee in writing from time to time to post or cause to be posted the required notice and to conduct such foreclosure sale," and that such "foreclosure of the Council's lien for unpaid assessments shall not affect, in any way, a valid first lien of any mortgagee on any Unit

sold at such foreclosure." These latter provisions exist entirely independent of the similar provisions in the deed of trust. Consequently, the formalities for the board's designation of the trustee must be viewed without regard to the deed of trust.

 With this understanding, we now examine the evidence before us. Richard Hall signed and swore to the trustee's deed. Therein he stated that he had been designated by the board as trustee. As such, this recital gives rise to a presumption of the validity of the sale. *Houston First American Savings v. Musick,* 650 S.W.2d 764, 767 (Tex.1983). While this presumption is rebuttable, it is appellant's responsibility to do so. *See Musick,* 650 S.W.2d at 767–68. Appellant attempted such a rebuttal only through Mr. Hall's own testimony that the instrument in his possession appointing him trustee was signed only by the president of the board. Although the declaration does require that the designation be attested by the secretary and filed in the public records, this is only necessary when the trustee is changed. Appellant did present evidence that Rex Baker was a prior trustee, however, his designation, as pointed out above, is totally unrelated to the declaration sale for unpaid assessments. He presented no other evidence that the designation of Richard Hall was a "change," requiring the formalities suggested in his points of error. Having thus failed to adequately rebut the presumption of validity, appellant's points of error are overruled.

The judgment is affirmed.