**INWOOD NORTH HOMEOWNERS' ASSOCIATION, INC., Appellant,**

v.

**Charlie HARRIS, et al., Appellees.**

**No. 01–85–0595–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 23, 1986.

Rehearing Denied March 27, 1986.

Lou W. Burton, Houston, for appellant.

Before EVANS, C.J., and DUNN and SAM BASS, JJ.

**OPINION ON MOTION FOR REHEARING**

DUNN, Justice.

The original opinion filed on December 12, 1985, is withdrawn, and this opinion is substituted.

This is an appeal from a default judgment in which the trial court granted all of the relief requested by appellant except a judgment for foreclosure and an order for sale of properties owned by appellees ("homeowners"). Appellant requests this Court to modify the trial court's judgment to provide for foreclosure and to order a sale of the property in question. None of the homeowners filed a brief with this Court. We affirm the trial court's judgment.

Appellant is a non-profit homeowners' association in charge of the collection, expenditure, and management of maintenance funds, the enforcement of restrictions, the maintenance and architectural control of the residential lots and houses, and the general supervision of a subdivision named Inwood North. The homeowners all own homes in the subdivision. At the time of their purchase, the homeowners were given deeds stating, in effect, that the deeds were subject to any covenants and conditions on file in the Harris County deed records. When each of the homeowners purchased their homes, an instrument entitled "Declaration of Covenants and Restrictions—Inwood North, Section Five" ("Declaration") was already recorded in the Harris County records. In addition to stating that the restrictions enumerated in the document would be binding on the developer, the homeowners' association, and the property owners, the Declaration states the following concerning the maintenance fund of the homeowners' association:

> Each lot in the Inwood North, Section Five subdivision shall be subject to an annual maintenance charge.... This charge ... shall commence against all lots in Inwood North, Section Five subdivision at the time one house on a lot in said subdivision is occupied by a resident.... To secure the payment of this maintenance charge, a vendor's lien is hereby established against the residential lots in this subdivision, as the same are conveyed by deed from the developer....

The trial court awarded appellant judgments against the homeowners ranging from $286 to $656 in unpaid maintenance fees. The lawsuit was brought to recover judgment for the amounts owning, and to foreclose the "vendor's lien" claimed by appellee on the properties involved.

Appellant contends in its only point of error that the Declaration, which was filed of record before the homeowners moved into their homes, created a vendor's lien that attached to the lots and encumbered them before the homestead status attached. It argues that a recent opinion rendered by another court of appeals, *Johnson v. First Southern Properties, Inc.,* 687 S.W.2d 399 (Tex.App.—[14th Dist.] 1985, writ ref'd n.r.e.), supports its argument that the court erred in not granting it a judicial foreclosure on the "vendor's lien" contained in the Declaration.

■ Even though the declaration attempts to secure the payment of assessment charges with what it calls a "vendor's lien," it is clear from the record that the assessment charges were not a part of the purchase price of the property, and cannot be secured by a true "vendor's lien,"; therefore, a default in payment cannot be used as a basis to foreclose on the respective homeowners' properties. *Lifemark Corp. v. Merritt,* 655 S.W.2d 310, 313 (Tex. App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.).

■ Further, the *Johnson* case is distinguishable from the situation in this case. Johnson purchased a condominium, receiving a percentage ownership in the common elements. He accepted a deed, subject to a declaration of convenants and restrictions, which stated that the condominium homeowners' council had an assessment lien. *Johnson,* 687 S.W.2d at 402. Johnson then used his percentage ownership to secure, by his deed of trust, the payment of unpaid future assessments. An owner of real property may, *by executing a written instrument,* create a lien on his property to secure payment of future advances. *First National Bank of Corsicana v. Zarafonetis,* 15 S.W.2d 155, 158 (Tex.Civ.App.— Waco 1929, writ ref'd). In this case, the

homeowners are not condominium owners and have not received a property interest in the common elements as in the Johnson case. Although the homeowners' respective warranty deeds contain language stating that they took subject to the Declaration, there are no deeds of trust, or other documents signed by the homeowners, by which they expressly agreed to secure assessments with their property. At most, the homeowners have committed themselves to an unsecured obligation to pay the assessment charges pursuant to the terms of their respective deeds and declarations. Each of the homeowners' deeds was made subject to the Declaration, which provided for the assessment charges. When property is transferred *subject to declarations of covenants and restrictions,* full title to the property is nevertheless transferred to the grantee, and the grantor retains no interest or rights in the property. If a breach of the covenants and restrictions occurs, e.g., failure to pay assessment fees, such as in this case, the remedy is a suit based on the covenant to pay and not foreclosure. *See Hearne v. Bradshaw,* 158 Tex. 453, 312 S.W.2d 948, 951 (1958); *Wichita Falls Grain Co. v. Taylor Foundry Co.,* 649 S.W.2d 798, 800 (Tex.App.—Fort Worth 1983, writ ref'd n.r.e.); *Bailey v. Mullens,* 313 S.W.2d 99, 102 (Tex.Civ.App. —San Antonio 1958, writ ref'd n.r.e.).

Although we have found no secured lien, or vendor's lien, this does not mean that the homeowners are relieved of their obligations. Each of the homeowners remains obligated to abide by the covenants and restrictions. The appellant has a judgment for the past-due assessments and may enforce such by way of a judgment lien against the properties, provided defenses under the Homestead Act are not available. Tex. Const. art. XVI, sec. 50.

Appellant's only point of error is overruled.

The judgment of the trial court is affirmed.

Appellant's Motion for Rehearing is overruled.

EVANS, Chief Justice, concurring.

I agree with the holding of the majority that the trial court did not err in refusing to grant the requested relief of foreclosure. I limit my views to that holding because the homeowners have not appealed the judgment against them.

I concur in the majority view that the *Johnson* case is distinguishable. There, the condominium owner executed a deed of trust, expressly imposing a lien against his ownership to secure his statutory obligation to contribute a pro rata share of the maintenance costs. *See* Ch. 191, sec. 15, 1963 Tex.Gen.Laws 507, *repealed by* ch. 576, 1984 Tex.Gen.Laws—now Tex.Prop. Code Ann. sec. 81.204 (Vernon 1984). In *Johnson,* the validity of the lien was not an issue, and the only issue was whether the lien "existed" prior to Johnson's homestead claim. 687 S.W.2d at 399. In this case, the asserted "vendor's lien" never came into being because the assessment charges did not constitute any part of the purchase price. Neither did the appellant prove the existence of any other valid lien against the property.