Motion for Rehearing Overruled; Opinion of October 24, 2002,Withdrawn;
Affirmed and Opinion on Rehearing filed November 27, 20









Motion for Rehearing
Overruled; Opinion of October 24, 2002,Withdrawn; Affirmed and Opinion on
Rehearing filed November 27, 2002.                  




 
 
 
 
 
 
 




 

 

                                                                                                                                    

 

 

                                                                                                                                                            

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.  14-01-01024-CV

____________

 

STAN
HERMAN,
Appellant

 

V.

 

SHELL
OIL COMPANY AND MOTIVA ENTERPRISES, L.L.C., Appellees

 




 
 
 
 
 
 
 
 
 
 
 
 
 
  
 





 
 
 
 
 
 
 
 
 
 
 
 
 
  
 




On Appeal from the 125th District Court

Harris County, Texas

Trial Court Cause
No. 99-00737

 




 
 
 
 
 
 
 
 
 
 
 
 
 
  
 





 
 
 
 
 
 
 
 
 
 
 
 
 
  
 




O P I N I O N   O N  
R E H E A R I N G

In this case we must decide how many gas
stations may be fitted on a commercial tract in northwest Houston.  Appellant, Stan Herman, appeals from a
summary judgment in favor of Shell Oil Company and Motiva Enterprises LLC (AShell@) that allowed only
one.  We withdraw our previous opinion of October 24, 2002,
and issue this opinion in its place affirming that judgment.








The parties through their able attorneys
entered a stipulation that discloses the following undisputed facts.  In early 1983, Empire Properties Corporation
granted Shell an option to buy a strip of land measuring .6887 acres in Harris
County.  The option provided that if
Shell exercised it, no other gas stations would be allowed on a surrounding
eight-acre tract owned by Empire.

In late 1983, Empire sold about 33 acres
(including the option tract) to John S. Beeson, Trustee, with the deed made
expressly subject to Shell=s
option.  In 1984, Beeson sold all of the
properties to Corum Development Company, L.P., again with a deed expressly
subject to Shell=s
option.  In March 1985, Corum transferred
approximately twenty acres to Corum/Mico Joint Venture, again with a deed
expressly subject to Shell=s
option.[1]

On July 17,1985, Corum Development deeded
the .6887 acre tract to Shell.[2]  The deed contained a restriction on gas
stations that purported to extend to all of Corum/Mico=s twenty acres, rather than
just the eight acres originally covered by the option.  This deed, like the others, was recorded soon
after the transaction.

In July 1989, Corum/Mico Joint Venture conveyed
its twenty acres to Westside Exchange Accommodators, L.L.C.  Unlike all previous deeds, this one made no
reference to the restriction on gas stations that appeared in the option or the
prior deeds.  On the same day it closed
on the properties, Westside reconveyed them to appellant Herman, again without
reference to any restriction on use.








Herman subsequently developed the property
as a shopping center called Corum Station. 
According to Herman, his largest tenant, a Randalls supermarket, refused
to renew its lease in 1998-99 because it could not develop a gas station on the
premises.  In 1999, Herman sued Shell to
declare the 1985 restriction inapplicable to his property.  He later supplemented his petition to claim
$2 million in damages for slander of title and cloud on title due to the loss
of the Randalls lease.  Both parties
moved for summary judgment,[3]
and the trial court entered judgment that the land-use restriction applied to
eight acres of the tract owned by Herman. 

Because the trial court stated no reasons,
we must affirm on any ground advanced in the motions.  See FM Props. Operating Co. v. City of
Austin, 22 S.W.3d 868, 872 (Tex. 2000). 
Because both sides moved for summary judgment, we review all motions,
determine all questions presented, and may render the judgment the trial court
should have rendered.  Id.

The Matter in Controversy

In its brief, Shell argues this appeal is
moot, as it has abandoned the restriction on gas stations after this appeal was
filed.  The record does not disclose the
nature or terms of this waiver.  But as
Herman points out, this does not dispose of his claim for damages for slander
of title.  Thus, we hold this appeal is
not moot.  See Williams v. Lara,
52 S.W.3d 171, 185 (Tex. 2001) (holding appeal is not rendered moot when damage
claims remain).

Herman as a Bona Fide Purchaser

Herman first argues that he had no notice of
Shell=s
option as it did not appear in his deed from Westside, nor in the deed Westside
received from Corum/Mico.  But any
mistake these latter entities may have made in drafting their deeds could not
have invalidated Shell=s
rights.  Purchasers are charged with
knowledge of the provisions of recorded instruments that form an essential link
in their chain of ownership.  Cooksey
v. Sinder, 682 S.W.2d 252, 253 (Tex. 1984). 
If the rule were otherwise, interests in real estate could be made to
disappear by the simple expedient of eliminating them from later deeds.  Herman cannot claim lack of notice, as it is
undisputed the option was in his chain of title.  








Herman also argues that because the actual
deed to Shell was signed by Corum Development after it had transferred the
adjacent properties to Corum/Mico Joint Venture, his interest (derived through
Corum/Mico) passed without encumbrance of the use restriction.  In effect, Herman is again arguing that the
restriction is not valid as it was not in his deed.  But while the provision in Corum=s deed to Shell may have
been outside his chain of title, the pre-existing option was not.  A review of the deed records would have shown
the property was subject to the exercise of Shell=s option, and a reasonable
inspection of the deed records (or the property itself) would have shown Shell
had.  As a matter of law, Herman had
constructive notice of the Shell option and the restriction on his property.

Finally, Herman argues that Shell cannot
rely on the option agreement as it was merely a promise to impose a
restriction rather than a restriction itself. 
Of course, either would create a valid cloud on Herman=s title and defeat his
claim for damages.  Moreover, even
assuming Corum Development could not place a restriction on the surrounding
acreage in 1985 because it had transferred that property to its joint venture,
this does not defeat Shell=s
right to enforce the option it paid for and recorded.  In the original option, Empire promised for
itself and its successors that a restriction would be granted upon the
covered eight acres.  The trial court=s judgment accomplished
nothing more.[4]

                                       Strict Compliance with Option
Agreement








Herman
further attempts to avoid the presence of the option in his chain of title by
arguing Shell failed to exercise the option in accordance with its terms.  He is correct that Shell and Corum extended
the restriction=s
coverage beyond the eight acres noted in the original option, and shifted part
of the cost of the owner=s
title policy to Shell.  But he is
incorrect that this renders the option void.

Generally,
a party to an option to purchase real property may enforce that option only by
strict compliance with the terms of the option. 
See Zeidman v. Davis, 342 
S.W.2d 555, 558 (Tex. 1961).  But
that does not mean the parties to an option cannot modify the option or the
terms of the underlying sale by mutual agreement.  See Humble Oil & Refining Co. v.
Westside Investment Corp., 428 S.W.2d 92, 94-95 (Tex. 1968). As the
extension of the use restriction from eight to twenty acres occurred after the
transfer to Corum/Mico, it is doubtful this could prejudice Herman=s interest.  But Shell only sought to enforce the
restriction against the eight acres originally burdened, and the trial court=s judgment extended only
that far.  As any modification of the
option terms between Shell and Corum did not change the restriction on this
acreage, Herman has no basis to object.     

Herman=s sole issue is overruled,
and the judgment is affirmed. 

 

 

/s/        Scott Brister

Chief Justice

 

 

 

 

Judgment
rendered and Opinion on Rehearing filed November 27, 2002.                        

Panel
consists of Chief Justice Brister and Justices Hudson and Fowler.

Publish C Tex. 
R.  App.  P.  47.3(b).











[1]  Apparently this transfer did not include the
.6887 acre Shell tract, as Corum Development conveyed that tract to Shell four
months later.  Thus, Corum/Mico never
held record title to the Shell tract.





[2]  Although it was not in the parties= stipulation, it
appears that Shell exercised the option on July 12, 1983, but for unexplained
reasons did not receive a deed until two years later. 





[3]  Although Shell titled its motion a AMotion for
Declaratory Judgment,@ the parties and the
court agreed to treat it as a summary judgment motion.





[4]  Herman argues that no restriction could be
imposed now because of limitations. 
First, Herman never pleaded limitations in the trial court.  Second, Shell had no reason to sue in 1985Cthe seller promised
in the option to include the land-use restriction in Shell=s deed, and it
did.  Shell had no reason to suspect any
legal injury until its right to restrict gas stations on the adjacent acreage
was questioned, which did not occur until Herman filed his declaratory action
in 1999.