December 9, 2004

The Honorable Fred Hill
Chair, Committee on Local Government
    Ways and Means
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0279

Re: Whether the placement of one-party foreclosable contractual liens on land by a developer that supersede the homestead rights created in article XVI, section 50 of the Texas Constitution violates the Texas Homestead Act (RQ-0236-GA)

Dear Representative Hill:

You have asked a specific question: "Whether the placement of one-party foreclosable contractual liens on the land by the developer that supersede the homestead rights created in Article XVI, Section 50 of the Texas Constitution violate[s] the Texas Homestead Act."[1]

## I. Homestead Protection in the Texas Constitution and Statutes

We begin by briefly reviewing Texas homestead protections from forced sale. Texas is credited with enacting the first homestead law in 1839. *See Estate of Johnson v. Comm'r*, 718 F.2d 1303, 1307 n.13 (5th Cir. 1983) (citing 1839 *Laws of the Republic of Texas*). Today, Texas' homestead protection from creditors' liens is found principally in article XVI, section 50 of the Texas Constitution and chapter 41 of the Property Code. *See* TEX. CONST. art. XVI, § 50; TEX. PROP. CODE ANN. §§ 41.001-.024 (Vernon 2000 & Supp. 2004-05); *see also* TEX. CONST. art. XVI, §§ 51 (defining homestead), 52 (descent and distribution). Article XVI, section 50 not only protects a homestead from forced sale by creditors but provides that "[n]o mortgage, trust deed, or other lien on the homestead shall ever be valid unless it secures a debt described by this section." TEX. CONST. art. XVI, § 50(c). Article XVI, section 50 expressly enumerates eight exceptions to homestead protection from forced sale: (1) purchase money security, (2) taxes due on the homestead, (3) certain owelty on partition, (4) refinancing of certain liens, (5) security for improvements, (6) certain circumscribed extensions of credit in the nature of an equity loan, (7) reverse mortgages, and (8) special financing concerning manufactured homes. *Id.* § 50(a)(1)-(8).

---

[1] Letter from Honorable Fred Hill, Chair, Committee on Local Government Ways and Means, Texas House of Representatives, to Honorable Greg Abbott, Texas Attorney General (June 9, 2004)[hereinafter Request Letter]; Letter from Honorable Fred Hill, Chair, Committee on Local Government Ways and Means, Texas House of Representatives, to Nancy Fuller, Chair, Opinion Committee, Office of Attorney General (July 19, 2004) [hereinafter Supplemental Letter] (both letters on file with Opinion Committee, *also available at* http://www.oag.state.tx.us).

Section 41.001 of the Property Code reiterates exceptions for homestead and burial plots. TEX. PROP. CODE ANN. § 41.001(a)-(b) (Vernon Supp. 2004-05) (listing seven of the eight constitutional exceptions). The remainder of chapter 41 concerns homestead issues not pertinent to your inquiry.[2]

## II.   *Inwood North Homeowners' Association, Inc. v. Harris*

The Texas Supreme Court addressed in 1987 whether Texas homestead laws preclude foreclosure of a developer's lien for homeowners' association fees and assessments. *See generally Inwood N. Homeowners' Ass'n, Inc. v. Harris*, 736 S.W.2d 632 (Tex. 1987). In *Inwood*, a subdivision developer had filed a declaration of restrictions and covenants in local real property records reciting that all lots in the subdivision were impressed with a covenant to pay a maintenance fee or other assessment to a homeowners' association or similar entity, that such covenants run with the land, and that such covenants were secured by a lien. *See Inwood*, 736 S.W.2d at 633. Individuals who thereafter purchased property in the subdivision received a deed referencing the covenants to pay the fees and the lien against the property to secure payment. *See id.* The subdivision's homeowners' association sued to recover delinquent maintenance fees from homeowners and sought foreclosure of liens securing the fees. *Id.* at 634.

The court in *Inwood* acknowledged that security for homeowners' association fees was not a true vendor's lien, but was instead more in the nature of a contractual lien, not among the express constitutional exceptions to homestead protection. *See id.* The court observed that "[h]omestead rights, however, may not be construed so as to avoid or destroy pre-existing rights," and that "[i]t has long been held that an encumbrance existing against property cannot be affected by the subsequent impression of the homestead exception on the land." *Id.* at 635.

The court in *Inwood* held that an owner is free to impress property with a covenant running with the land, and that a "developer of the subdivision, as owner of all land subject to the [developer's] declaration, is entitled to create liens on his land to secure the payment of assessments." *Id.* at 634. The court further determined that subsequent purchasers were bound by references in their deeds to the covenants as well as by all instruments in a particular purchaser's chain of title. *See id.* at 635. Because the developer had placed the restrictions on the land before it became the homestead of the homeowners, the court concluded that "the homeowners were subject to the liens in question and an order of foreclosure would have been proper." *Id.* at 635-36.

The court in *Inwood* stated that its decision was reinforced by the legal principle that "[a] homestead right in real property cannot rise any higher than the right, title or interest acquired by the homestead claimant." *Id.* at 636. The court determined that the purchase of a lot in the subdivision carried with it "as an inherent part of the property interest, the obligation to pay association fees for

---

[2]*See* TEX. PROP. CODE ANN. §§ 41.002 (Vernon 2000) (defining the extent of urban and rural homesteads), 41.003 (effect of temporary renting), 41.004 (abandonment), 41.005 (designation of homestead), 41.0051 (advertising regarding tax refunds), 41.006 (limitations on certain sales), 41.007 ( home improvement contract requirements), 41.008 (federal law conflicts), 41.021 (designation of homestead in aid of judgment), 41.022 (designation procedures), 41.023 (designation by court appointed commissioner), 41.024 (sale of excess).

maintenance and ownership of common facilities and services," along with the concomitant remedy of foreclosure for failure to pay those fees. *Id*. The court concluded that constitutional homestead rights "will not operate to circumvent an inherent characteristic of the property acquired" and that the homeowners' association was entitled to foreclose its contractual lien on the houses of delinquent homeowners. *Id*.

## III.    Post-*Inwood* Developments

In 2001, the 77th Legislature enacted the Texas Residential Property Owners Protection Act (the "Act"). *See* Act of May 27, 2001, 77th Leg., R.S., ch. 926, § 1, 2001 Tex. Gen. Laws 1857 (adding chapter 209 to the Property Code, codified at TEX. PROP. CODE ANN. §§ 209.001-.011 (Vernon Supp. 2004-05)). The Act was added "to provide guidelines for the operations of [community] associations a well as specific protections for Texas homeowners living in association-managed communities." SENATE COMM. ON STATE AFFAIRS, BILL ANALYSIS, Tex. Comm. Substitute S.B. 507, 77th Leg., R.S. (2001) (enrolled version). The Act gives owners of property a number of procedural protections, including the right to redeem property following foreclosure. *See* TEX. PROP. CODE ANN. §§ 209.006-.011 (Vernon Supp. 2004-05). The Act does not, however, change the essential holdings in *Inwood* that (1) a property owner such as a developer may impress the property with a covenant to pay association maintenance fees, enforceable by foreclosure, by filing a declaration of covenants and restrictions in the deed records, (2) a subsequent purchaser with notice of the declaration in the purchaser's deed and chain of title is bound by the declaration, and (3) the subsequent purchaser's rights that arise upon purchase do not circumvent the remedy of enforcing the covenants by foreclosure.

Recently, the Texas Supreme Court reiterated *Inwood*'s holding:

> In *Inwood*, we considered whether the homestead laws of Texas protect a homeowner against foreclosure for failure to pay homeowners association assessments. As a general rule, a homestead is protected against the debts of those who live in the homestead. However, the deed restrictions for the subdivision included a vendor's lien permitting foreclosure on the homestead for failure to pay the fee assessment. Because the property owner had notice when purchasing the property that a lien attached to the land, we held that foreclosure was permissible.

*Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 170 (Tex. 2004) (citations omitted). The court applied the holding in *Inwood* to particular deed restrictions and concluded that because they did not give notice that late fees might be imposed on assessments, such fees were not enforceable by foreclosure. *Id*. at 170-71.

## IV.    Discussion

The question, as specifically phrased, is "[w]hether the placement of one-party foreclosable contractual liens on the land by the developer that supersede the homestead rights created in Article

XVI, Section 50 of the Texas Constitution violate[s] the Texas Homestead Act." Supplemental Letter, *supra* note 1, at 1. Although we did not locate the phrase "one-party foreclosable contractual liens" in the constitution, statutes, or case law, we assume you refer to a developer's unilateral action, as in *Inwood*, of encumbering property by filing a declaration of restrictions and covenants, enforceable by foreclosure. Likewise, by "Texas Homestead Act," we assume you mean homestead protection from forced sale by creditors in the Texas Constitution and the Property Code. *See Inwood N. Homeowners' Ass'n, Inc. v. Harris*, 707 S.W.2d 127, 129 (Tex. App.–Houston [1st Dist.] 1986) (referring to article XVI, section 50 of the Texas Constitution as the "Homestead Act"), *rev'd on other grounds*, 736 S.W.2d 632 (Tex. 1987); *United States v. West*, 22 F.3d 586, 598 n.33 (5th Cir. 1994) (equating the protections in section 41.001 of the Texas Property Code with the "Texas Homestead Act"). Consequently, we address whether a property owner who unilaterally files a declaration of covenants and restrictions, enforceable by foreclosure, violates subsequent purchasers' homestead rights under article XVI, section 50 of the Texas Constitution and section 41.001 of the Property Code.

The Texas Supreme Court in *Inwood* determined that a developer may encumber real property with a secured covenant running with the land by filing a declaration of restrictions and covenants and that such covenants bind subsequent purchasers with notice. *See Inwood*, 736 S.W.2d at 635-36. Because the developer's encumbrance came into being before the purchasers acquired constitutional and statutory homestead rights in the property, the lien could be enforced by foreclosure. *See id.* The court's holding in *Inwood*, that "[h]omestead rights . . . may not be construed so as to avoid or destroy pre-existing rights," applied to homestead rights whether under the Texas Constitution or chapter 41 of the Property Code. *See id.* at 635; *see also id.* at 637 (Mauzy, J., dissenting, noting that "the legislature has tracked the Constitution" in section 41.001(a)-(b) of the Property Code). To answer your question, under *Inwood* and its progeny, a developer may unilaterally encumber real property with a covenant running with the land, enforceable through foreclosure, without violating the constitutional and statutory homestead rights of subsequent purchasers with notice. Of course, whether particular covenants are enforceable by foreclosure depends on the particular instruments and circumstances involved. *See, e.g., Brooks*, 141 S.W.3d at 170-71 (holding that because particular deed restrictions did not give notice of certain late fees, foreclosure was an inappropriate remedy for collecting them); Tex. Att'y Gen. Op. No. GA-0237 (2004) at 6-8 (determining that an assessment within the scope of a statutory lien could be enforced by foreclosure only if the lien predated the attachment of a homestead interest); Tex. Att'y Gen. LO-97-019, at 3-4 (determining that a property owners association's right to foreclose on homestead property for certain costs depends on whether the lien for such costs (1) attached to the property prior to the homestead right and (2) resulted from a restriction that runs with the land).

We have received extensive briefing that takes issue with the Texas Supreme Court's analysis and reasoning in *Inwood* and recommends "'repeal' of the Inwood law."[3] That may be good policy and, as such, would be appropriate for the legislature to address or for the Texas Supreme Court to consider. The attorney general's constitutional duty to render legal advice, however, does not include the authority to legislate or to establish binding judicial precedent. *See* TEX. CONST. art. IV,

---

[3]*See* Brief from Harvella Jones, Texas Homeowners' Advocate Group, to Nancy Fuller, Chair, Opinion Committee, Office of Attorney General, at 6 (July 20, 2004) (on file with Opinion Committee).

§ 22; TEX. GOV'T CODE ANN. § 402.042 (Vernon 1998); *see also Bullock v. Enserch Exploration, Inc.*, 614 S.W.2d 215, 218, 220 (Tex. Civ. App.–Austin 1981, writ ref'd n.r.e.) (an attorney general opinion does not have the authority of a statute), *cert. denied*, 455 U.S. 946 (1982); *Bass v. Aransas County Indep. Sch. Dist.*, 389 S.W.2d 165, 176 (Tex. Civ. App.–Corpus Christi 1965, writ ref'd n.r.e.) (attorney general opinion is not binding judicial precedent). *See also Holmes v. Morales*, 924 S.W.2d 920, 924 (Tex. 1996) (attorney general opinion is not binding on the courts). Consequently, we may advise only about the current status of the law, which is that the Texas Supreme Court's opinion in *Inwood*, as recently reaffirmed in *Brooks*, is dispositive of your question. *See Brooks*, 141 S.W.3d at 170; *Inwood*, 736 S.W.2d at 634-36.

## S U M M A R Y

A property owner may encumber real property with a covenant running with the land, which, depending on the particular instruments and circumstances involved, may be enforced by foreclosure without violating subsequent purchasers' constitutional and statutory homestead rights.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee