**2327 MANANA LLC and Jerry Spencer, L.P., Appellants,**

v.

**SUMMIT ELECTRIC SUPPLY CO., INC., Appellee.**

**No. 06–09–00107–CV.**

Court of Appeals of Texas, Dallas.

June 25, 2010.

John L. Gamboa, Acuff, Gamboa & White, L.L.P., Fort Worth, TX, for Appellants.

Bill Ervin Davidoff, Dallas, TX, for Appellee.

Before Justices RICHTER, LANG–MIERS, and MURPHY.

## OPINION

Opinion By Justice LANG–MIERS.

Appellants 2327 Manana LLC (Manana) and Jerry Spencer, L.P. (Spencer) appeal from a final judgment granting summary judgment in favor of appellee Summit Electric Supply Co., Inc. (Summit) on Summit's claim for declaratory judgment to enforce a deed restriction. We affirm.

### Background

In February 2006, Summit, as seller, and Saeed Mahboubi "and/or assigns," as buyer, entered into a commercial contract for the sale of two adjacent tracts of land located in Dallas, Texas (the property) for a purchase price of approximately $1.25 million. The sale contract stated that "[i]t is understood and accepted that this property shall be deed restricted against any sexually oriented business." Mahboubi later assigned the sale contract to Semira Rezaie. In June 2006, before the sale to Rezaie closed, Rezaie agreed to immediately "flip" the property to Spencer for a purchase price of $1.6 million.

On August 3, 2006, Summit, as grantor, signed a special warranty deed conveying the property to Rezaie (the first deed). Under the heading "Exceptions to Conveyance and Warranty," the first deed states, in relevant part, as follows:

> Restrictions: The property may not be used for purposes of, nor may it be leased for purposes of, sexually oriented business of any kind.

Grantor, as the fee simple owner of the Property, establishes the Restrictions as covenants, conditions, and restrictions, whether mandatory, prohibitive, permissive, or administrative, to regulate the structural integrity, appearance, and uses of the Property and the improvements placed on it. Granter and Grantee stipulate that (a) the Restrictions touch and concern the Property; (b) privity of estate exists by reason of the ownership of the Property; (c) notice is given by filing this instrument in the real property records of the county in which the property is situated; and (d) the Restrictions are reasonable, their purposes being for the common benefit of Grantor, Grantee, and the Affected Property Owners, who are affected by the structural integrity, appearance, and uses of the Property. The Restrictions run with the land making up the Property, are binding on Grantee and Grantee's successors and assigns forever, and inure to the benefit of Grantor, Grantee, Affected Property Owners, and their successors and assigns forever.

The sale from Summit to Rezaie closed on August 4, 2006 at a title company. The sale from Rezaie to Spencer closed later that day at a different title company. At the second closing, Rezaie signed a special warranty deed dated August 4, 2006 conveying the property to Spencer (the second deed). The second deed did not identify any exceptions or restrictions to conveyance. Rezaie also signed a document in which she represented and warranted that the property "is completely and totally free of any deed restrictions whatsoever." The first deed was filed and recorded in the official public records of Dallas County on August 25, 2006. The second deed was filed and recorded in the official public records of Dallas County on August 7, 2006.

Shortly after Spencer bought the property it leased the property to Manana, and Manana posted a notice in front of the property stating that it intended to operate a sexually oriented business on the property, prompting Summit to file suit. Unaware that Rezaie had sold the property to Spencer, who had leased it to Manana, Summit initially filed a suit for injunctive relief and attorneys' fees against Manana. Manana answered and identified Spencer as the owner of the property. Spencer filed a petition in intervention asserting a claim for declaratory judgment and attorneys' fees, in which it essentially alleged that it bought the property before the first deed was filed in the county real property records, and that it was a bona fide purchaser for value and without notice of the deed restriction. Summit amended its petition to add a claim for declaratory judgment and attorneys' fees against Spencer and Manana.[1]

## The Judgment

Summit moved for summary judgment against Spencer and Manana on its claims for injunctive relief and declaratory judgment. As its first ground for summary judgment, Summit argued that it was entitled to judgment as a matter of law on both claims because the deed restriction is in Spencer's chain of title. As its second ground for summary judgment, Summit argued that it was also entitled to judgment as a matter of law on its claim for injunctive relief because the same broker represented Mahboubi, Rezaie, and Spencer in the sales transactions, and their broker had constructive knowledge of the deed restriction that can be imputed to Spencer. Spencer and Manana responded to Summit's motion, arguing that the deed restriction cannot be enforced against them. The trial court granted summary judgment in favor of Summit on its claim for declaratory judgment and denied summary judgment on Summit's claim for injunctive relief. The partial summary judgment declares that the first deed is valid, and that the restriction in that deed prohibits Spencer and any subsequent purchaser from using the property for the purpose of a sexually oriented business of any kind. Summit withdrew its claim for injunctive relief and the trial court conducted a bench trial on Summit's claim for attorneys' fees under the declaratory judgments act. The trial court signed a final judgment acknowledging its earlier summary judgment and awarding attorneys' fees to Summit.

### ISSUE ON APPEAL

The parties agree that the single issue we must decide in this appeal is whether the restriction contained in the first deed

---

1. Summit also added Rezaie as a defendant in an amended petition and asserted claims against her for fraud, civil conspiracy, and breach of contract. Summit nonsuited its claims against Rezaie before the trial court signed the final judgment in this case.

is enforceable against Spencer and Manana as a matter of law.

## STANDARD OF REVIEW

We review a trial court's grant of a traditional summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 215 (Tex.2003). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex. 2005). We do not consider evidence that favors the movant's position unless it is uncontroverted. *Hasty v. Keller HCP Partners, L.P.,* 260 S.W.3d 666, 669 (Tex. App.-Dallas 2008, no pet.).

## ANALYSIS

■ Spencer and Manana argue that the deed restriction is unenforceable against them because it was not filed in the real property records at the time Rezaie conveyed the property to Spencer and because there is no evidence that Spencer was aware of the deed restriction when it bought the property. We disagree.

■ In *Cooksey v. Sinder,* 682 S.W.2d 252 (Tex.1984) (per curiam), the Texas Supreme Court recognized two rules relating to the purchase of real property: "A purchaser is charged with knowledge of the provisions and contents of recorded instruments. Purchasers are also charged with notice of the terms of deeds which form an essential link in their chain of ownership." *Id.* at 253; *see also Peters v. Clements,* 46 Tex. 114, 123 (1876) ("subsequent purchasers are bound by the recitals in the deeds through which they claim"). The second

rule recognized in *Cooksey* applies regardless of whether the prior deeds were recorded, and regardless of whether the purchaser read the prior deeds or had any actual knowledge of their contents. *See generally City of Dallas v. Rutledge,* 258 S.W. 534, 539 (Tex.Civ.App.-Dallas 1924, no writ) ("The law of notice is that a purchaser of land must take notice of all instruments recorded or unrecorded in his chain of title or affecting title, and is bound by all recitals therein, although in fact ignorant of the contents."); *Matthews v. Rains County,* 206 S.W.2d 852, 854 (Tex.Civ.App.-Amarillo 1947, writ ref'd n.r.e.) ("[The purchaser] is bound by every matter contained in or fairly disclosed by any instrument which forms an essential link in the chain of title under which he claims ... even though he had never read these instruments or had any actual knowledge of their contents, and this would be true regardless of whether the instruments were recorded.").

In *Smith v. Bowers,* 463 S.W.2d 222 (Tex.Civ.App.-Waco 1970, no writ), for example, Robert Smith sued Sarah Bowers seeking an injunction to enforce a deed restriction against the use of mobile homes. In response, Bowers argued that she was not subject to that deed restriction because her deed did not contain any restrictions, and she took her property without any knowledge of the restriction. *Id.* at 223. After a bench trial, the trial court found that the restriction was contained in Bowers's chain of title, because Bowers bought the property from the Mitchells, and the earlier deed conveying the property to the Mitchells was made subject to the restriction against the use of mobile homes.[2] *Id.* Nevertheless, due to a

---

**2.** More specifically, the deed conveying the property to the Mitchells stated that the conveyance "was made subject to the property restrictions of record in Vol. 603, p. 635 Deed

Records of Hunt County," and the deed restrictions found on that page of the county records "provided that 'no mobile homes will be accepted' ... 'in the residential area of

perceived defect relating to the recording of the restriction, the trial court concluded that Bowers did not have actual or constructive notice of the restriction, and denied Smith's request for an injunction. *Id.* at 224. On appeal, our sister court reversed the trial court's judgment, explaining that "recordation or non-recordation" was "not material to the issue of constructive notice" because the restriction was specifically referred to in the Mitchells' deed, which was in Bowers's chain of title. *Id.* at 225. Likewise, in *Thompson v. Keys,* 162 S.W. 1196 (Tex.Civ.App.-Fort Worth 1913, no writ), our sister court held that subsequent purchasers who were unaware of a preexisting vendor's lien on their property were nevertheless "chargeable in law with notice of the vendor's lien" because it was "duly reserved" in an earlier, unrecorded deed in their chain of title. *Id.* at 1196–97.

Applying the law to the facts of this case, because the restriction against the use or lease of the property for purposes of a sexually oriented business was contained in the first deed, and because the first deed forms an essential link in Spencer's chain of title, Spencer and Manana are bound by that restriction regardless of Rezaie's or Spencer's actual knowledge of that restriction, and regardless of the fact that the first deed was not recorded before Spencer purchased the property. *See Smith,* 463 S.W.2d at 225; *Thompson,* 162 S.W. at 1197; *see also Rutledge,* 258 S.W. at 539; *Matthews,* 206 S.W.2d at 854; *see generally Cooksey,* 682 S.W.2d at 253.

■ Spencer and Manana also suggest that the language of the first deed defeats

Summit's claim for declaratory judgment because the first deed "has a specific provision that notice of the restriction was to be effective only upon filing and recording of the deed," which had not occurred at the time that Rezaie signed and conveyed the second deed to Spencer. We disagree with Spencer and Manana's characterization of the language in the first deed. The first deed states that "notice is given by filing this instrument in the real property records of the county in which the property is situated"—it does not state that notice of the deed restriction is effective "only upon filing and recording of the deed." Moreover, the recital in the first deed simply paraphrases the first rule recognized in *Cooksey,* and found in the property code, that filing an instrument in the proper county's real property records constitutes notice to all persons of that instrument. *See* Tex. Prop.Code Ann. § 13.002(1) (Vernon 2004); *Cooksey,* 682 S.W.2d at 253. It does not preclude Summit from enforcing a deed restriction in Spencer's chain of title.

### Conclusion

We conclude that the trial court properly granted summary judgment in favor of Summit on its claim for declaratory judgment. As a result, we affirm the trial court's judgment.[3]

---

Shawnee Shores as designated in the plat filed in the Courthouse of Hunt County, Greenville, Texas.'" *Smith,* 463 S.W.2d at 223–24.

3. We do not address Spencer and Manana's alternative argument that there is a fact issue

regarding whether the broker who represented Mahboubi, Rezaie, and Spencer had constructive knowledge of the deed restriction that can be imputed to Spencer for two reasons. First, Summit raised the issue of the broker's knowledge as a ground for summary judgment on its claim for injunctive relief, not

its claim for declaratory judgment. And after the trial court denied summary judgment on Summit's claim for injunctive relief, Summit withdrew that claim. Second, our resolution of Spencer and Manana's alternative argument about the broker's knowledge would not change the disposition of this appeal. *See* TEX R.APP. P. 47.1.