## MARGARET J. CARLTON v. JOHN CAMERON.

### (Case No. 3943.)

1. DEED, WHEN OPERATIVE AS A WILL ONLY.— An instrument in the form of a deed, containing, in favor of him who makes it, the reservation, " N. B.— The said Abner Lee, holding in reserve all the within named estate, both real and personal, during the natural life of the said Abner Lee," is testamentary in its character and inoperative as a deed, if the intention of the maker appears to have been that it should take effect only on his death.

APPEAL from Brazos. Tried below before the Hon. Spencer Ford.

Action of trespass to try title and for partition of the southwest half of the northeast half of the Abner Lee,

Jr., league, situated in Brazos county; the plaintiff claiming one-half of the same. The defendant pleaded general demurrer, plea of not guilty, and the statutes of limitations of three, five and ten years; to which the plaintiff replied by supplemental petition, excepting specially to the plea of improvements in good faith, denying the plaintiff's right to recover, and claimed the value of the rents for the time the land was occupied by defendant, after the death of A. Lee, Jr., and denying defendant's right to hold the land under the statute of limitations of either three, five or ten years.

The agreed statement of facts shows that the plaintiff claims title under an instrument of writing, executed and delivered by A. Lee, Jr., on the 16th of July, 1836, and recorded in Washington county in book "A," No. 1, on the —— day of ——, A. D. 1836, the following being a copy:

"This indenture, made and concluded between Abner Lee, of the department of Brazos and jurisdiction of Washington, of the one part, and Liddy Lee, the wife of said Abner Lee, and Margaret Jane Lee, the daughter of said A. Lee, of the other part, of the department and jurisdiction aforesaid, witnesseth, that the said Abner Lee, as well for and in consideration of the natural love and affection which he, the said Abner Lee, hath and beareth unto the said Liddy Lee, his said wife, and Margaret J. Lee, his daughter, as also the better maintenance, support, livelihood and preferment of them, the said Liddy Lee and Margaret Jane Lee, his daughter, hath given, granted, aliened, enfeoffed and confirmed by these presents, doth give, grant, alien, enfeoff and confirm, unto the said Liddy Lee and Margaret Jane Lee aforesaid, and their assigns, all of that tract of land contained in a quarter of a league lying in league No. 14, in Austin's colony, east of the Brazos river on the San Antonio road, joining on the west to quarter of a league conveyed by said Abner Lee to James Hughes, as will more fully appear by reference to the rec-

ords in the office under the charge of James Hall, in the town of Washington in said jurisdiction; as also two hundred acres of land, the farm place whereon the said Abner Lee now lives, lying in said colony, it being a part of the league granted to Arabellah Harrington by the Mexican government, together with all and singular the houses, buildings, advantages, emoluments, hereditaments and appurtenances whatsoever to the said tracts of land and premises hereby mentioned, or intended to be granted and confirmed unto the said Liddy Lee and her daughter, Margaret Jane Lee. And the said Abner Lee, as well for and in consideration of the natural love and affection which he, the said A. Lee, hath and beareth unto the said Liddy Lee and her said daughter, Margaret Jane Lee, as also for the better maintenance, support, livelihood and preferment of them, the said Liddy Lee and her daughter, Margaret Jane Lee, and their assigns, have given, granted and confirmed, and by these presents doth give, grant and confirm unto the said Liddy Lee and her daughter, Margaret Jane Lee, as aforesaid, all the personal property belonging to the said Abner Lee, consisting of horses, cattle, hogs, household and kitchen furniture, also farming tools and all other tools whatsoever; and I, the said Abner Lee, have put the said Liddy Lee and the said Margaret Jane Lee in full possession by delivering to the said Liddy Lee the home farm whereon we now live at the time of sealing and delivering of these presents, in the name of the whole premises, hereby granting all this, said Lee acknowledges and signs, with me and my assisting witnesses, whose names are at the end of this act, as well as the instrumental witnesses.

"Signed on the 16th July, 1836.

"N. B.— Interlined before signed the words, "on the west to." N. B.— The said Abner Lee holding in reserve all the within named estates, both real and personal, during the natural life of the said Abner Lee.

. "ABNER LEE.

" JAMES HALL, First Judge.

" Instrumental witnesses: L. Dickinson, Winfred Hall.

" Assisting witnesses: Joseph x̲ Martin, Addum Lour-
ence.

" *Department of Brazos, Jurisdiction of Washington.*

" Before me, James Hall, judge and notary public for said jurisdiction, personally appeared the within named Abner Lee, who acknowledged the within instrument to be his act and deed, and for the purposes therein mentioned, and desired the same might be recorded as such. Given under my hand this 16th day of July, 1836.

" JAMES HALL, First Judge. "

The appellee claims title under three several deeds, embracing the whole of the land in controversy, all duly executed, acknowledged and recorded in Burleson county. First, deed from Abner Lee to H. Mitchell, date November 26, 1861, recorded December 28, 1861. Second, deed from Abner Lee and his wife, Lydia, to H. Mitchell, dated September 8, 1862, and recorded October 19, 1862. Third, deed with *special warranty* from Abner Lee to H. Mitchell, dated September 8, 1862, recorded October 19, 1862. Also deed from H. Mitchell to appellee for the land in controversy, dated November 11, 1869, duly recorded the 17th of February, 1870. Abner Lee was never in possession of the land, but appellee and H. Mitchell, under whom he claims, were in possession from the 8th of September, 1862, to the institution of suit, on the 29th of January, 1878. Abner Lee died during the year 1877.

Tried before the court without a jury, and judgment for the defendant. Motion for new trial overruled, and plaintiff appealed.

*F. W. Chandler* and *W. M. McGreggor*, for appellant.

I. The title from A. Lee, Jr., to Lydia Lee and M. J. Lee was a deed conveying an absolute present interest in the subject matter of this suit; a present right to be enjoyed in the future.

II. The deed was made, delivered, authenticated and properly recorded in the county where the land was situated long before any conveyance was made by A. Lee, Jr., to H. Mitchell, and before it was within the limits of Brazos county. The instrument of writing made, executed and delivered by A. Lee, Jr., to Lydia Lee and M. J. Lee, on the 16th of July, 1836, was not a will, but a deed to the land in controversy, and conveyed a present right to be enjoyed in the future.

III. The instrument from Abner Lee, Jr., to Lydia Lee and M. J. Lee is not a will, and was not intended as such, because it possessed all of the forms and requirements of a deed, and not the constituent elements of a will. Crane v. Crane, 21 Tex., 795; Mapes' Heirs v. Pierre et al., 9 Martin, 139; Smidt's Law of S. and Mexico, p. 213; Civil Code of La., art. 1567, p. 239; Bufford v. Holliman, 10 Tex., 571; Gortario v. Cantu, 7 Tex., 39; 2 Johns., 288; Browne's Civil Law, 214, 360; Bouvier's Law Dic., pp. 426, 427; 4 Kent's Com., 289.

IV. The deed from Abner Lee, Jr., to his wife and daughter was not a contingent substitution *fedei comissa* or an entailment of any kind, but it was a vested substitution, to take effect *in presenti*, with the right of future enjoyment, and not affected by the imperial decree of the government of Spain of the 27th of September, 1820. Bufford v. Holliman, 10 Tex., 571; Gortario v. Cantu, 7 Tex., 39.

*Davis, Beall & Taliaferro*, for appellee.

I. The written instrument from Abner Lee to his wife and daughter, under which appellant claims title, whether considered as a deed or will, was null and void under the imperial decree of Spain of the 27th of September, 1820. Bufford v. Holliman, 10 Tex., 571; Gortario v. Cantu, 7 Tex., 37.

II. If said instrument from Abner Lee to his wife and daughter was not void under the laws of Spain and

Mexico, still it is nothing more than a testamentary devise, and the estate devised was ambulatory during the lifetime of the donor, Abner Lee, and he having disposed of it during his lifetime, the devisee or donee (appellant) took nothing under it at his death. Crain v. Crain, 17 Tex., 82 (25 Tex.); Millican v. Millican, 24 Tex., 426; Ellison v. Reese, 25 Tex. Sup., 90; Epperson v. Mills, 19 Tex., 67, 69; 3 Wash. Real Prop., 503; Williams' Ex'rs, 86; Hester v. Young, 2 Kelly, 36, 38, 44, 46, 49; Turner v. Scott, 51 Penn. St., 126; Ragsdale v. Baker, 2 Bailey, 588; Kinard v. Kinard, 1 Speer's Eq., 256; Crawford v. McElvy, 2 Speer, 230; Burlington University v. Barrett, 22 Iowa, 60; Habergham v. Vincent, 2 Ves. Jr., 204; Wood v. Turner, 2 Ves. Sr., 440.

GOULD, ASSOCIATE JUSTICE.— Although the instrument of July 16, 1836, had the form of a deed, and was placed upon record, it was nevertheless testamentary in its character, and inoperative as a deed, if the intention of the maker appears to have been that it should take effect only on his death. Looking to the terms of the instrument, the nature of the reservation, and of the estate to be created, and bearing in mind that the court below, acting without a jury, passed upon all questions of fact, we are of opinion that the court did not err in its judgment, if it was based on its opinion that the intention of the maker was that the instrument take effect only on his death, and that it was therefore testamentary in its character. There is ample authority supporting such a construction of similar instruments. Hester v. Young, 2 Kelly, 46; Turner v. Scott, 51 Pa. St., 130; Epperson v. Mills, 19 Tex., 67; Ferguson v. Ferguson, 27 Tex., 344. As we are of opinion that on this ground the judgment is correct, it is not material to pass on other grounds on which it is also sought to support it.

The judgment is affirmed.                          AFFIRMED.

[Opinion delivered December 7, 1880.]