## WELLS et al. v. LAIRD et al.
### No. 4249.

Court of Civil Appeals of Texas. Texarkana.
Feb. 2, 1933.

Rehearing Denied Feb. 9, 1933.

Massingill & Belew, Jerome P. Kearby, McEntire, James & Clower, and Ramey, Calhoun, Marsh & Higgins, all of Tyler, for plaintiffs in error.

Thompson, Mitchell, Thompson & Young and Truman P. Young, all of St. Louis, Mo., R. H. Whilden, of Houston, Prendergast & Prendergast, of Marshall, and Edwin Lacy, of Longview, for defendants in error.

JOHNSON, Chief Justice.

Viola Wells and husband, Sidney Wells, and A. M. (Maceo) Johns sued B. F. Laird, J. M. Crim, and Shell Petroleum Corporation, in an action of trespass to try title, for five tracts of land situated in Gregg county, Tex., and for $1,000,000 damages. The five tracts of land consisted of 22½, 27, 103, 27, and 103 acres, respectively, out of the John Wilkerson and L. B. Outlaw surveys. Plaintiffs filed a trial amendment in which they, in substance, alleged that on or about November 3, 1920, Maceo Johns procured her (Viola's) signature to an instrument of record in Book 42, p. 160, Deed Records of Gregg County, Tex., and that Laird procured her signature to an instrument dated October 5, 1925, recorded in Book 52, p. 263, of said Deed Records, which she has since learned is a deed to the land involved herein; that if she signed said deeds, they were intended as mortgages; and that the officer taking her acknowledgments did not comply with any of the statutory requirements for the acknowledgment of a married woman; and prayed that these deeds be declared void, and that she be awarded title and possession of the land, and for removal of cloud from the title, and for general relief. In addition to pleas of not guilty, and the several statutes of limitation, each of the defendants separately pleaded they were innocent purchasers for value and without notice of any of the claims of the plaintiffs, and prayed for affirmative relief.

Viola Wells had received the first three tracts of land, and her brother, A. M. (Maceo) Johns, the fourth and fifth tracts, by inheritance from and in the division of the estate of their grandfather, John Hilburn, deceased, by judgment of partition recorded in Book K, p. 304, of Minutes of the District Court of Gregg County, which is the common source of title agreed upon and stipulated in the record by and between the plaintiffs and defendants upon the trial of this suit. The deed dated November 3, 1920, sought to be canceled by plaintiffs' trial amendment, was executed by Viola Wells and husband, Sidney Wells, conveying the first three tracts to Maceo Johns for a recited consideration of $6,862.50. Viola Wells and husband were living on the land at the time as their homestead. They testified that this conveyance was for the purpose of Maceo Johns' procuring a loan on the land, and with the understanding that when the loan was made Johns would reconvey the land to Viola. The evidence shows that on March 5, 1921, Maceo Johns and his wife executed to Mrs. Della Crim, mother of the defendant, J. M. Crim, a deed of trust covering the five tracts of land, securing the payment of indebtedness totaling $3,000 to Mrs. Della Crim. It further appears that this $3,000 indebtedness, at least a greater portion of it, originated by store accounts due by Maceo Johns and Sidney Wells in about equal amounts to the Crim Mercantile Company, a corporation, of which Mrs. Della Crim and J. M. Crim were the principal stockholders. The deed dated October 5, 1925, sought to be canceled by plaintiffs' trial amendment, was executed by Maceo Johns and wife, joined by Viola Wells and husband, Sidney Wells, conveying the five tracts of land to B. F. Laird and J. M. Crim for a recited consideration of $5,200 paid. It appears that this consideration of $5,200 was paid by Laird and Crim by paying off the deed of trust to Mrs. Della

396

Crim, paying up back taxes on the land, and the remainder divided in two equal parts, and paid to Maceo Johns, and to Viola Wells and husband.

Viola testified that at the time she signed the deed to Laird and Crim she thought it was a mortgage. That she signed it under duress of her husband. That her husband told her unless she did sign it he would quit her. She was corroborated in this testimony to some extent by the witness Calvert Flourney, and by her husband, Sidney Wells, who testified that Mr. Crim and Mr. Laird employed him and agreed to give him $200 to get his wife to sign this deed. Viola further testified, in substance, that the officers taking her acknowledgments to the 1920 and to the 1925 deeds, sought to be canceled, did not comply with any of the statutory requirements for the taking of a married woman's acknowledgment. At the time of the trial the notary to the 1920 deed was dead. The notary to the 1925 deed testified that he had no personal recollection of having taken this acknowledgment, and that he did not personally know Viola Wells.

The jury, in answer to special issues, found that Laird and Crim did not employ Sidney Wells to obtain the signature of his wife, Viola Wells, to the 1925 deed. and the jury further found against the plaintiffs and in favor of the defendants on all other special issues submitted to them, except that they found the land was the homestead of Viola Wells and her husband at the time of the execution of the 1920 deed to her brother, Maceo Johns. Shell Petroleum Corporation held title under an oil and gas lease executed to them by Crim and Laird covering tracts 3 and 5, for a consideration of $1,050 paid. Judgment was entered against plaintiffs, and in favor of the defendants that they recover, and be quieted in their title to the land in controversy, describing it.

■ Plaintiffs in error, Viola Wells and husband, Sidney Wells, assigned as fundamental error that the 22½-acre tract is not described in the judgment as it is described in plaintiffs' original petition. This tract is described in plaintiffs' original petition as: "Beginning at the N. W. corner of the Susie Hilburn 81-acre tract; thence S. 34 chs. 86 links; thence E. 6 chs. 45 links; thence N. 34 chs. 86 links; thence W. 6 chs. 45 links to beginning." In the judgment the beginning point and the calls for distance are the same as in plaintiffs' original petition, but the calls for course run south, west, north, and east to place of beginning. However, the deeds sought to be canceled by plaintiffs' trial amendment describe the land as described in the partition judgment of the estate of John Hilburn and make reference to its record. This partition judgment, which was introduced, and agreed upon as the common source of title, describes the 22½-acre tract as: "Be-

ginning at the N. W. corner of the 81 acres herein given to Susie Hilburn; thence S. 34 chs. 86 links; thence with the homestead line 6 chs. 45 links; thence N. 34 chs. 86 links to corner in the Longview and Tyler road; thence E. 6 chs. 45 links to place of beginning." It will be noted that no course is given for the second call in this description, but by reversing the calls the course of the second call is ascertained to be west. It will be further noted that to give the second call an east course would place the land in the 81 acres set aside to Susie Hilburn in the same judgment partitioning the land. We find that the land in controversy is properly described in the judgment, and the assignment is overruled. Bundick v. Moore-Cortes Land Co. (Tex. Civ. App.) 177 S. W. 1030; Moore v. Unknown Heirs of Gilchrist (Tex. Civ. App.) 273 S. W. 308; Leavell v. Seale (Tex. Civ. App.) 45 S. W. 171; Wm. Carlisle & Co. v. King, 103 Tex. 620, 133 S. W. 241; Pearson v. Lloyd (Tex. Civ. App.) 214 S. W. 759.

Plaintiffs in error's remaining assignments of error complain, in substance, that the evidence is insufficient to support the verdict; that the court erred in permitting the notary who took the acknowledgment of Viola Wells to the 1925 deed to testify that he had never taken the acknowledgment of a married woman when she was crying, or without explaining it to her, or in the presence of her husband; that the certificate which he made to the 1925 deed was not a false one; that the 1925 deed was void because the notary testified he did not personally know Viola Wells; and because the court did not ignore the findings of the jury, in answer to the several special issues relative thereto, that in taking the acknowledgment of Viola Wells to the 1925 deed, the notary complied with the statutory requirements, because Viola Wells was unknown to the notary.

It appears that Crim and Laird, and Shell Petroleum Corporation, each were purchasers for value and without notice of the claims of the plaintiffs. Therefore, had the court ignored the findings of the jury, and ruled out the testimony complained of, which we do not find he should have done, plaintiffs would not then be entitled to a judgment, not having discharged the burden on them of showing that the defendants, purchasers for value, under certificates of acknowledgments regular in form, had notice of the irregularities complained of by plaintiffs, if any existed.

■■ The certificate of a notary to the acknowledgment of a married woman, though regular in form, may be avoided if it does not speak the truth or the deed or the acknowledgment were obtained by fraud or force, provided the purchaser has notice of either of these facts before payment of the purchase money. However, when she actually appears before the officer for the purpose of taking her acknowledgment, and the officer attaches

a certificate regular in form, a purchaser, not present at the time, is not bound to see that the officer did his duty. The burden is on the attacking party to plead and prove, not only the defects complained of, but also that the purchaser had notice thereof before parting with the purchase money. Webb v. Burney, 70 Tex. 322, 7 S. W. 841; Pool v. Chase, 46 Tex. 207, 210; Haskins v. Henderson (Tex. Civ. App.) 2 S.W.(2d) 864; Adkins-Polk Co. v. Rhodes (Tex. Com. App.) 24 S.W.(2d) 351; Cockerell v. Callaham (Tex. Civ. App.) 257 S. W. 316; Cockrell v. Griffith (Tex. Civ. App.) 255 S. W. 490.

Each of plaintiffs in error's assignments have been carefully considered and are respectfully overruled.

The evidence being sufficient, and finding no error, the judgment of the trial court is affirmed.