Dan E. WHELAN, Jr. and R. J. Whelan, Appellants,

v.

S. H. KILLINGSWORTH and Scurlock Oil Company, Appellees.

No. 8365.

Court of Civil Appeals of Texas, Texarkana.

May 25, 1976.

Vernard G. Solomon, Huffman, Wedding, Hughey & Solomon, Marshall, for appellants.

H. P. Smead, Jr., Longview, for appellees.

CORNELIUS, Justice.

Appellants sued appellee Killingsworth to recover the cost of drilling and completing two oil wells upon a lease which, subse-

quent to the completion of the two wells, was adjudged to be owned by Killingsworth. Scurlock Oil Company was joined as a party because it was the purchaser of the oil produced from the two wells. The district court dismissed the action and appellants have appealed.

In 1942 appellants * owned the leasehold estate in question. They assigned the lease to Killingsworth's predecessors in title. Subsequently appellants brought suit in the District Court of Cass County to rescind that assignment and to recover the leasehold estate. Appellants prevailed in that suit, and judgment was entered in their favor for title and possession of the leasehold estate. While an appeal of that judgment was pending, appellants secured a writ of possession, entered upon the lease, and drilled the two wells. The appeal resulted in a reversal and rendition in favor of Killingsworth. Appellants then brought this suit for reimbursement of their costs in drilling such wells.

The facts recited above were stipulated, and on the basis of that stipulation appellees moved for judgment on the theory that, since appellants entered and drilled the wells pendente lite, they were willful trespassers as a matter of law and were not entitled to reimbursement. Appellants maintained that their entry pendente lite was not conclusive on the question of their good faith, and they were entitled to have the issue determined by a jury. The trial court sustained appellees' position and dismissed the suit with prejudice.

■■■ One who improves real estate under the erroneous but good faith belief that he owns the land is entitled to recover from the true owner the cost of the improvements to the extent they have enhanced the value of the property. 30 Tex.Jur.2d, Improvements—Private, Sec. 15, p. 311; 43 Tex.Jur.2d, Oil and Gas, Sec. 565, p. 403, and cases there cited. Ordinarily, the question of good faith is one of fact to be determined by the jury or the trier of fact.

*Gulf Production Co. v. Spear*, 125 Tex. 530, 84 S.W.2d 452 (opinion adopted); *Broughton v. Humble Oil & Refining Co.*, 105 S.W.2d 480 (Tex.Civ.App. El Paso 1937, writ ref'd). But when the entry and the improvements are made during the pendency of litigation involving the validity of the improver's claim of title, he makes them at his risk and he cannot be considered a good faith improver. *Houston Production Co. v. Mecom Oil Co.*, 62 S.W.2d 75 (Tex.Comm'n App.1933, jdgmt. adopted); *Kidd v. Hickey*, 237 S.W.2d 389 (Tex.Civ.App. El Paso 1950, writ ref'd n. r. e.); *Liles v. Thompson*, 85 S.W.2d 784 (Tex.Civ.App. El Paso 1935, writ dism'd). See also *Henderson v. Ownby*, 56 Tex. 647 (1882). In such a case the improver occupies a position similar to that of a purchaser pendente lite. And for the purpose of determining good faith, actions taken after a favorable judgment but before the time for an appeal has expired are in the same category as those taken after suit is filed but before judgment is rendered. *Randall v. Snyder*, 64 Tex. 350 (1885); *Harle v. Langdon's Heirs*, 60 Tex. 555 (1883).

■■ Appellants contend that an exception applies to them because they were in prior peaceable possession of the leasehold premises. See *Houston Production Co. v. Mecom Oil Co.*, supra. We cannot agree. Appellants had previously held possession of the leasehold estate but they voluntarily relinquished that possession when they assigned the lease. When the expenditures involved in this suit were made appellants were not in prior peaceable possession. They had made their entry, pending the final outcome of the litigation, solely for the purpose of drilling the wells. Such an entry does not constitute prior peaceable possession. It is true that when appellants entered and drilled the wells, they had a judgment vesting them with ownership of the lease, but the law charged them with notice that such judgment was not final

---

* There have been several changes in ownership as the facts of this controversy developed. In using the terms "appellants" and "appellees" we intend to refer to the present parties and/or their predecessors in title, as the case may be.

and was subject to being reversed on appeal. *Harle v. Langdon's Heirs,* supra.

Appellants urge that the rule announced by the cases heretofore cited should be abolished because the critical state of oil production and the necessity to encourage full and rapid development of oil reserves, as well as to protect against drainage, require that drilling not be delayed pending the outcome of litigation which is often quite lengthy. But the answer to that argument is that our district courts have ample equity powers to provide for the development of property pending the final outcome of litigation, and can exercise those powers when necessary and when called upon to do so.

■ Upon the stipulated facts, and according to the well settled principles heretofore noted, appellants were not entitled to the relief they sought. Although appellees' plea was styled a "motion to dismiss," it was more properly a plea in bar, and will be so considered. Tex.R.Civ.P. 71; *Texas Highway Department v. Jarrell,* 418 S.W.2d 486 (Tex.1967); 45 Tex.Jur.2d, Pleading, sec. 59, p. 473. The correct action upon sustaining such a plea is the entry of a take nothing judgment. *Texas Highway Department v. Jarrell,* supra; *Heibel v. Bermann,* 407 S.W.2d 945 (Tex.Civ.App. Houston 1966, no writ). The judgment of the trial court dismissing appellants' suit with prejudice is therefore reformed to decree that appellants take nothing by their action.

As reformed, the judgment of the trial court is affirmed.

RAY, J., not participating.