DAVID COUNTS, UNITED STATES DISTRICT JUDGE
BEFORE THE COURT is Plaintiff Brenda J. Kirwan's Motion for Partial Summary Judgment filed on May 25, 2018 (Doc. 15), Defendant Sheryl Garber's Motion for Summary Judgment filed on December 7, 2018 (Doc. 51), Plaintiff's Motion for Summary Judgment on Defendant's Defenses of Estoppel and Unjust Enrichment filed December 7, 2018 (Doc. 52), Plaintiff's Motion for Partial Summary Judgment on Delivery, Constructive Notice, and Bona Fide Purchaser filed December 7, 2018 (Doc. 53), Plaintiff's Motion to Strike Defendant's Summary Judgment Evidence filed December 21, 2018 (Doc. 54), and Plaintiff's Unopposed Motion for Hearing filed January 29, 2019 (Doc. 58).
*824 The parties have timely filed responses and replies to all motions.
After due consideration of the pleadings, the applicable law, and the record, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion for Summary Judgment (Doc. 51) and Plaintiff's Motion for Summary Judgment on Defendant's Defenses (Doc. 52). Moreover, the Court DENIES Plaintiff's Motion for Partial Summary Judgement (Doc. 15), Plaintiff's Motion for Partial Summary Judgment on Delivery, Constructive Notice, and Bona Fide Purchaser (Doc. 53), Plaintiff's Motion to Strike Defendant's Summary Judgment Evidence (Doc. 54), and Plaintiff's Unopposed Motion for Hearing (Doc. 58). Id.
I. BACKGROUND
On December 5, 2002, William Ouzts (Ouzts) executed a document titled Special Warranty Deed (the alleged Deed), which was typed and printed by Thomas J. Kirwan, a notary public and Plaintiff Brenda J. Kirwan's husband, naming Plaintiff, Ouzts' daughter, as the grantee to several condominium units (the Property). (Doc. 15 at 23). Plaintiff's husband acknowledged the alleged Deed on the same date it was executed. Id. The alleged Deed contains the following words of conveyance, habendum clause, and warranty clause:
Grantor, grants, sells, and conveys to Grantee as her sole and separate property all of Grantor's interest in the Property described in Exhibit "A" attached hereto, together with all and singular the rights and appurtenances thereto in any wise belonging, to have and hold to Grantee, Grantee's heirs, executors, administrators, successors, or assigns forever. Grantor binds Grantor and Grantor's heirs, executors, administrators, and successors to warrant and forever defend all and singular the property to Grantee and Grantee's heirs, executors, administrators, successors, and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof.
Id. The final sentence in the alleged Deed is in bold and states:
It is specifically understood and agreed however that the property described in Exhibit "A" shall not vest unto Grantee until the demise of the Grantor.
Id. The alleged Deed was filed for record in Midland County on June 3, 2003. Id.
On August 15, 2003, Ouzts unilaterally executed a document titled Deed of Rescission (Rescission Deed), which states that Ouzts "cancels, rescinds and nullifies" the alleged Deed, and filed it for record in Midland County on August 25, 2003, without Plaintiff's signature. Id. On December 23, 2004, Ouzts executed another document titled Warranty Deed with Vendor's Lien (Warranty Deed) selling the same property described in the alleged Deed to Defendant and her now deceased husband, Lloyd Garber. (Doc. 15 at 34). The Warranty Deed was filed for record in Midland County on January 4, 2005. Id.
On July 29, 2017, Ouzts died. (Docs. 51, 54). Thereafter, Plaintiff requested that Defendant relinquish possession, custody, and control of the Property. (Doc. 54 at 4). Defendant refused, claiming title to the Property under the Warranty Deed. Id. On February 9, 2018, Plaintiff filed suit in the 441st District Court of Midland, Texas, raising claims for declaratory judgment, trespass to try title, and assumpsit (money had and received). (Doc. 1-3 at 11-12). Defendant removed the case to this Court on diversity grounds on April 3, 2018. (Doc. 1 at 2).
On May 25, 2018, Plaintiff filed a Motion for Partial Summary Judgment, almost five months before the discovery deadline.
*825 (Doc. 15). Plaintiff argues that: (1) the alleged Deed, once executed and delivered to Plaintiff, gave Plaintiff a remainder interest in the fee simple title to the property described therein; (2) Ouzts, via the final provision in the alleged Deed, reserved for himself no more than a life estate; and (3) when Ouzts passed away on July 29, 2018, Plaintiff became the owner of a fee simple title to the Property. Id. at 1. Defendant counters that partial summary judgment is not warranted because there are genuine and material factual disputes regarding whether the alleged Deed is actually a deed or testamentary in character. (Doc. 19). Further, Defendant argues that even if the alleged Deed is, in fact, a deed, there is a genuine and material factual dispute as to whether the alleged Deed was delivered to Plaintiff and adequately acknowledged. Id.
After the discovery deadline, the parties filed a series of Motions:
1. Defendant's Motion for Summary Judgement. Defendant's Motion raises three points: (1) that because the alleged deed is testamentary in nature, not a deed, Ouzts effectively revoked or canceled conveyance; thus, Plaintiff has no interest in the Property; (2) alternatively, that the alleged Deed is a terminable, non-testamentary instrument, and Plaintiff's rights terminated when Defendant took title; and (3) that Defendant is a bona fide purchaser who cuts off Plaintiff's interest under the alleged Deed. Moreover, that Plaintiff cannot bring a declaratory judgment claim. (Doc. 51).
2. Plaintiff's Motion for Summary Judgement on Defendant's Defenses of Estoppel and Unjust Enrichment. Plaintiff's Motion argues that: (1) there is no evidence supporting Defendant's defenses for estoppel and unjust enrichment; (2) alternatively, that the summary judgment evidence negates the elements of Defendant's estoppel and unjust enrichment defenses; and (3) Plaintiff reasserts her Motion for Partial Summary Judgment filed on May 25, 2018. (Doc. 52).
3. Plaintiff's Motion for Summary Judgment on Delivery, Constructive Notice, and Bona Fide Purchaser. Plaintiff argues that the evidence contradicts Defendant's assertions that Ouzts did not deliver the alleged Deed, that Defendant lacked notice of the alleged Deed, and that Defendant was a bona fide purchaser. (Doc. 53).
4. Plaintiff's Motion for Hearing. Plaintiff requests a hearing on all pending motions. (Doc. 58).
Both parties have timely responded and replied to all Motions--the final reply was filed on December 28, 2018. (See Docs. 54, 55, 56, 57). Based on the parties' Motions, the issues before the Court are the following: (1) whether the alleged Deed is testamentary in character, a terminable, non-testamentary instrument, or a valid deed of conveyance; (2) whether Defendant was a bona fide purchaser; (3) whether Defendant's defenses are viable; and (4) whether Plaintiff's declaratory judgment cause of action is viable.
As a preliminary matter, the Court finds that it is able to rule on the motions absent a hearing; thus, the Court DENIES Plaintiff's Unopposed Motion for Hearing. (Doc. 58).
II. LEGAL STANDARD
Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue exists "if the *826 evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc. , 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52, 106 S.Ct. 2505. In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits, and admissions on file, and drawing all justifiable inferences in favor of the party opposing the motion. Caboni v. Gen. Motors Corp. , 278 F.3d 448, 451 (5th Cir. 2002). The Court may not weigh the evidence or evaluate the credibility of witnesses. Id.
The moving party bears the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett , 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp. , 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The nonmoving party cannot rest on the mere allegations of the pleadings to sustain this burden. Fed. R. Civ. P. 56(e) ; Anderson , 477 U.S. at 248, 106 S.Ct. 2505. "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." Caboni , 278 F.3d at 451. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson , 477 U.S. at 248, 106 S.Ct. 2505.
III. DISCUSSION
Plaintiff's claims for trespass to try title, declaratory judgment, and money had and received are premised on a dispute of land between Plaintiff and Defendant. A trespass to try title claim "is a method of determining title to ... real property." Tex. Prop. Code § 22.001. To prevail a party may "establish superior title out of a common source." Martin v. Amerman , 133 S.W.3d 262, 265 (Tex. 2004). Plaintiff argues she has superior title to Defendant via the alleged Deed from Ouzts.
Defendant counters that Plaintiff is unable to show a chain from a common source first because the alleged Deed was testamentary in character and rescinded when Ouzts recorded the Rescission Deed. Alternatively, Defendant argues the alleged Deed was a terminable, non-testamentary instrument, and that Plaintiff's rights terminated when Ouzts sold the Property to Defendant in 2004. Finally, Defendant argues that regardless of how this Court interprets the alleged Deed, Defendant cut off Plaintiff's interest as a bona fide purchaser. Thus, Defendant argues the Court should grant summary judgment in her favor as to all claims. Plaintiff also moves for partial summary judgment, but requests the Court to declare that the alleged Deed is a valid deed that passed title to Plaintiff and which entitles Plaintiff to recover possession of the Property, which has been withheld by Defendant. Plaintiff further asks the Court to grant summary judgment in her favor as to Defendant's estoppel, unjust enrichment, and bona fide purchaser defenses.
As detailed below, the Court finds that the alleged Deed is a deed and not testamentary in character nor a terminable, non-testamentary instrument. Nonetheless, because there are genuine issues of *827 material fact regarding the issues of delivery and whether Defendant is a bona fide purchaser, the Court cannot find at this stage of the case that Plaintiff has established superior title out of a common source. Thus, the Court cannot grant summary judgment to either party on the trespass to try title claim. However, the Court dismisses with prejudice Plaintiff's claim for declaratory judgment, as the trespass to try title statute governs the parties' substantive claims. Finally, because the Defendant withdrew her estoppel defense, the Court grants Plaintiff's request for summary judgment on that issue.
A. Whether the Special Warranty Deed is Testamentary in Character, a Terminable, Non-Testamentary Instrument, or a Valid Deed of Conveyance
When a written instrument is not ambiguous, "the construction of the written instrument is for the court, and moreover, even in those cases of ambiguous instruments, if the parol evidence is undisputed as to the circumstances, the construction is yet a question of law for the court." Brown v. Payne , 142 Tex. 102, 176 S.W.2d 306, 308 (1943) (quoting Turner et al. v. Montgomery et al. , 293 S.W. 815 (Tex. Comm'n App. 1927) ). The Court's primary concern is to ascertain the intent of the parties from all of the language in the instrument by examining its four corners. See Luckel v. White , 819 S.W.2d 459, 461 (Tex. 1991) (citing Garrett v. Dils Co. , 157 Tex. 92, 299 S.W.2d 904, 906 (1957) ). The Court must attempt to harmonize all parts of a deed, even when different parts appear to contradict or are inconsistent with one another. Garrett , 299 S.W.2d at 906.
The parties dispute the effect the last sentence of the alleged Deed has on the entire document. (Docs. 15, 51). The final sentence dictates that the Property "shall not vest unto Grantee until the demise of the Grantor." (Doc. 15 at 23). It is the only sentence in bold type in the alleged Deed. Id. Plaintiff claims the alleged Deed can be given only one meaning: that it is a Deed transferring fee simple title to Plaintiff and reserving a life estate for Ouzts. (Doc. 15). Defendant counters that the alleged Deed is testamentary in nature because the final sentence states that whatever interest is deeded does not "vest" until the "demise" of Ouzts. (Doc. 51 at 6). In the alternative, Defendant argues that the Court should apply the Transfer on Death Deed statute to the alleged Deed and hold it is a terminable, non-testamentary instrument that was terminated when Defendant took title in 2004 under the Warranty Deed. Id. at 9.
1. Deed or Testamentary Instrument
Under the Texas Property Code, "[a] person may make an inter vivos conveyance of an estate of freehold or inheritance that commences in the future, in the same manner as by a will." Tex. Prop. Code § 5.041. Moreover, in Brown , the Supreme Court of Texas clarified the distinction between deeds and wills. Brown , 176 S.W.2d at 309. Specifically, it approved the following description for deeds:
If the instrument passes a present interest, although the right of its possession and enjoyment may not occur until some future time, it is a deed or contract; but if the instrument does not pass an interest or right until the death of the maker, it is a will or testamentary paper.
Id. (citing Corpus Juris (Vol. 18, pp. 148, 149) ). Moreover, it acknowledged the following description of wills in the same source:
The fact that a deed passes a present interest, even though the possession or enjoyment thereof may be postponed, *828 while a will passes no present interest at the time of its execution, but takes effect only upon the death of the testator, and until such time is ambulatory and revocable, establishes the essential difference between the two instruments.
Id.
In the case at bar, the alleged Deed passes a present interest in the Property with the intent that the estate commences in the future by deed. Thus, despite the restriction that the Property shall not vest until Ouzts' death, the alleged Deed is not testamentary. Id. In holding so, the Court believes it is significant and pertinent that a notary wrote the alleged Deed--typical of deeds, not wills-it was not witnessed by anyone as required by testamentary documents, the alleged Deed contains the customary words of conveyance--"Grantor, grants, sells, and conveys to Grantee"-and it includes the usual habendum and warranty clauses emblematic of a deed. See McLain v. Garrison , 39 Tex.Civ.App. 431, 88 S.W. 484, 486 (1905, writ dism'd) (concluding the instrument is a deed and not a will because despite taking effect at the grantor's death, it contained words of conveyance and "the usual habendum, tenendum, and warranty clauses"); see also Turner , 293 S.W. at 817 (finding the document was a fee-simple deed based on the fact that it was executed without witnesses, it was delivered to grantees, and the grantor continued to live on the lands in possession and control them while he lived); Texas Pac. Coal & Oil Co. v. Bruce , 233 S.W. 535, 538 (Tex. Civ. App.-Fort Worth 1921, no writ) (holding the "expressions 'have given, granted and conveyed, and by these presents, give, grant and convey,' and 'it is my intention in making this conveyance,' etc., evidence an intention on the part of the grantor to convey a present estate in the land, to commence, it is true, at his death").
The cases cited by Defendant in urging the Court to hold that the alleged Deed is testamentary in character are distinguishable. First, in Wise , the court found that the "express retention of the power to control and convey the property indicates the decedent did not intend to immediately convey the property to Wise." Wise v. Mitchell , No. 05-15-00610-CV, 2016 WL 3398447, at *9 (Tex. App.-Dallas June 20, 2016, pet. denied). The language the court was referring to is the following: "Grantor further reserves the full power and authority, without the joinder of any other person, to sell, convey, mortgage, lease, and otherwise dispose of the property in fee simple with or without consideration and without joinder by Beneficiary, to any person or persons whatsoever, and to keep absolutely any and all proceeds derived therefrom." Id. However, the language in the case at bar only specifies when the Property will vest-upon the demise of Ouzts--it does not expressly reserve the right to sell or convey the property to third parties during Ouzts' lifetime. (Doc. 15 at 23).
Next, in Wren , the instrument "was filled out on a printed form of deed of conveyance of lands. It recited a consideration of one dollar, and natural love and affection for their son, and contained all the usual words and terms of a present grant in the granting clause; concluded with the usual habendum and tenendum clauses, and a covenant of general warranty; was signed by the grantors, and acknowledged before a notary public, delivered to the grantee, and recorded." Wren v. Coffey , 26 S.W. 142, 143 (Tex. Civ. App. 1894, no writ). The court relied on the language, "And all our right, title, and interest in and to our homestead in said Van Winkle survey, should we not sell or dispose of the same before death." Id. Seemingly, the grantors in Wren explicitly *829 reserved the right to sell or dispose of the property before their death, which led the court to conclude that the instrument was testamentary. Id. However, as previously noted, the alleged Deed does not reserve the right to sell or dispose of the property before Ouzts' death. (Doc. 15 at 23).
Similarly, in Carlton , the instrument was in the form of a deed, recorded, was witnessed by a third party, and contained the following language: "The said Abner Lee holding and reserving all the within named estates, both real and personal, during the natural life of the said Abner Lee." Carlton v. Cameron , 54 Tex. 72, 73 (1880). The court found that because the lower court had considered the "terms of the instrument, the nature of the reservation, and of the estate to be created" and formed the opinion that based on the totality of the instrument it was the intent of the maker that the "instrument take effect only on his death," the instrument was testamentary in character. Id. However, this Court notes that in Carlton , the grantor was not only disposing of real property and naming his daughter and wife beneficiaries, he was also disposing of all personal property he owned at the time. Id. Moreover, the execution of the document was witnessed by "assisting witnesses" and "instrumental witnesses." Id. These are characteristics representative of testamentary instruments. Clearly, the execution of the document in Carlton differs significantly from the execution of the alleged Deed in this case, which was executed without any witnesses and only references the Property rather than all property owned by Ouzts. (Doc. 15 at 23).
The Court finds this case is more like Garrison , where the issue before the court was whether the instruments were testamentary in nature or deeds. Garrison , 88 S.W. at 489. The instruments in question were witnessed by one person, and each was acknowledged before a notary public, filed for registration, and duly recorded. Id. at 486. In concluding the documents were deeds and not testamentary in nature, the court considered that the instruments were written not by the grantor but by the notary public, they were attested by only one witness--thus they could not be probated as wills--and that without the words, "The deed is to take effect at my death and not before" the instrument would contain all the elements of a deed. Id. The court found that the intent of the grantor was "to reserve an interest in the property during the lifetime of the grantor" and "that the deeds should only become effective to disturb this right at his death." Id. Also on point is Turner , where the Court found that because the document was in the general form of a deed and had "none of the indicia of a will," the phrase "to take effect at the death of the survivor of us" was "not inconsistent with the construction of the instrument as a deed" and did not "refer to the instrument, but rather to the commencement of the estate." Turner , 293 S.W. at 816. Thus, the court held that the instrument was a deed. Id. Finally, in Bruce , the court--relying on the facts that the document was not written by the grantor but by a notary, that two witnesses did not witness it, and that it contained "usual and customary words of conveyance"--found that the grantor's "plain and apparent intention" was not contradicted or made ambiguous by the statement in the conveyance that "This deed, however, under no condition or circumstances is to be made a matter of record or become absolute until after my death." Bruce , 233 S.W. at 538. In that case, the court also found the document to be a deed. Id.
Similarly, the alleged Deed, without the final sentence, contains all the elements of a deed, was written by a notary public, was *830 acknowledged[1] and recorded, and was not witnessed. (Doc. 15 at 23). There is nothing in the alleged deed that expressly reserves in Ouzts the right or power to "revoke, defeat or impair his act." Bruce , 233 S.W. at 538 (citing Crocker v. Smith , 94 Ala. 295, 10 So. 258 (1891) ). Further, the language in the alleged Deed shows that Ouzts was referring to the commencement of the estate not the alleged Deed when it stated that it--the Property--shall not vest until Ouzts' death. Consequently, the Court finds that the alleged Deed is similar to the instruments in Garrison , Turner , and Bruce.
Moreover, Defendant's argument that the definition of "vest" under Merriam-Webster.com "negates an intent to convey an immediate right in the Property to Plaintiff" is unpersuasive. (Doc. 51 at 9). Texas courts have found instruments containing similar language are deeds. For example, in Irvin , the court opined that the instrument was a deed and not testamentary in character despite the following language in the deed: "that the control and management of the property herein conveyed shall remain in the hands of the grantors or either of them so long as either shall live... after the death of both herein the title to, management of, and occupancy of, shall be vested in and to the following..." Irvin v. Smith , 497 S.W.2d 796, 800 (Tex. Civ. App.-Beaumont 1973, no writ) (emphasis added). Using similar language, in Abney , an Alabama case cited by Texas courts, the instrument stated that at the grantor's death "the title to the foregoing lands is to vest immediately in my said children." Abney v. Moore , 106 Ala. 131, 135, 18 So. 60 (1895). The court found that the grantor intended "no more than to reserve to himself the use and enjoyment of the property during his lifetime." Id. ; see also Brown , 176 S.W.2d at 310 (determining a document was a deed despite the document not vesting "an interest of any character in the land prior to the father's death").
After examining the totality of the instrument's language, the Court opines that the alleged Deed is a deed and not testamentary in character.[2]
2. Delivery
Delivery is essential to the validity of a deed. Younge v. Guilbeau , 70 U.S. (3 Wall.) 636, 637, 18 L.Ed. 262 (1865) (construing Texas law). "In order to pass title by deed of bargain and sale or release, delivery of the deed is essential." Dikes v. Miller , 24 Tex. 417 (1859). "Delivery of a deed may be established by circumstantial evidence." Hubbard v. Cox , 76 Tex. 239, 13 S.W. 170 (1890). To prove delivery, Plaintiff must show that the *831 grantor "relinquished control over the deed to" Plaintiff or a third party "with the contemporaneous intent that the deed is to take effect as a conveyance." Meduna v. Holder , No. 03-06-00484-CV, 2008 WL 1911184, at *3 (Tex. App.-Austin Apr. 30, 2008, pet. denied). Although "what constitutes delivery is a question of law, determining whether there has been a delivery is a question of fact." Adams v. First Nat'l Bank of Bells/Savoy , 154 S.W.3d 859, 869 (Tex. App.--Dallas 2005, no pet. h.). Filing a deed for record "creates a prima facie presumption of delivery and acceptance," however, "the fact that a deed has or has not been filed is not necessarily controlling." Meduna , 2008 WL 1911184, at *3. Moreover, "delivery does not necessarily require manual physical transfer of the deed to the grantee ... or even that a deed be placed beyond a grantor's physical possession." Id. Rather, whether a deed was delivered depends on the grantor's intent and is determined by reviewing the facts and circumstances "preceding, attending, and following the execution of the instrument." Id. Finally, delivery requires that the grantor relinquish dominion and control over the deed, even if not to the grantee. Id.
Defendant argues that there is evidence contradicting Plaintiff's assertion that Ouzts requested that Plaintiff record the alleged Deed. (Doc. 55 at 7). Specifically, Defendant points to a letter dated July 8, 2003,[3] from Alan Meyers, Ouzts' attorney demanding Plaintiff return Ouzts' trust documents and deed. (Doc. 51-1 at 38). Defendant also points to the contradictory testimony of Plaintiff. In an interrogatory, Plaintiff stated that she "received no instruction from [Ouzts]" at or around "the time he executed the [alleged Deed]." (Doc. 55-1 at 5-6). Plaintiff now argues that Ouzts requested she record the document. (Doc. 53 at 5-6). Finally, Defendant argues that the Rescission Deed also shows that Ouzts did not intend to deliver the alleged Deed because Ouzts did not believe he had executed and acknowledged the alleged Deed before a notary public as required by law.[4] (Doc. 51-1 at 44). Based on that evidence, the Defendant concludes that Ouzts did not intend for the alleged Deed to take effect as a conveyance when he gave it to Plaintiff.
Plaintiff counters that because the alleged Deed was notarized and recorded, there is conclusive evidence that the Deed was signed, delivered and accepted. (Doc. 57 at 4). Further, Plaintiff claims that she witnessed her father deliver to her the alleged Deed and that he requested that she record the document. Id. at 6-7. Thus, there has been a delivery. Id. It seems *832 Plaintiff attempts to establish delivery first by relying on the recordation of the alleged Deed and second based on her statement that she witnessed her father deliver the alleged Deed to her. Because there is a dispute as to the facts surrounding the issue of delivery, the Court cannot grant Plaintiff's motion for summary judgment on the issue of delivery. Nor can it decide whether Plaintiff has a superior title under the alleged Deed whose delivery and thus validity is in question.
3. Effect of Rescission Deed
Plaintiff asks the Court to declare that the Rescission Deed did not affect Plaintiff's interest in the Property under the alleged Deed. However, because the Court cannot at this stage determine whether the alleged Deed was delivered to Plaintiff and consequently whether there was a valid conveyance of property, Plaintiff's interest in the Property remains in question. Therefore, the Court denies Plaintiff's request.
4. Bona Fide Purchaser Argument
Defendant argues that she is a bona fide purchaser that cut off any rights Plaintiff had to the Property when Ouzts sold Defendant the Property in 2004. Both parties move for summary judgment on the issue.
Under Texas law, a party may claim bona fide purchaser status as an affirmative defense in a trespass to try title cause of action. Madison v. Gordon , 39 S.W.3d 604, 606 (Tex. 2001). However, the burden rests on the person claiming bona fide purchaser status to prove that she "acquired the land for value and without notice, either actual or constructive" of plaintiff's interest in the Property. Permian Oil Co. v. Smith , 129 Tex. 413, 73 S.W.2d 490, 504 (1934). Moreover, "[a] purchaser is charged with knowledge of the provisions and contents of recorded instruments." Cooksey v. Sinder , 682 S.W.2d 252, 253 (Tex. 1984).
Plaintiff recorded the alleged Deed on June 3, 2003. (Doc. 15). Thus, Defendant is charged with knowledge of the provisions and contents of the document. Cooksey , 682 S.W.2d at 253. Defendant maintains that she does not have constructive knowledge of the alleged Deed because it was not properly acknowledged. (Doc. 51 at 11). Specifically, Defendant maintains that the alleged Deed was not properly recorded because Plaintiff's husband, an interested party, notarized the document. Id. Plaintiff counters that because Ouzts granted her the Property as her "sole and separate property," her husband was not an interested party in the transaction. (Docs. 15 at 16; 53 at 7; 54 at 13-15). Moreover, even if her husband was an interested party, his interest in the property was not disclosed in the alleged Deed. Id. Thus, because there is no defect in the acknowledgment, entitling the alleged Deed to be recorded, Plaintiff argues Defendant had constructive knowledge of the alleged Deed and is therefore not a bona fide purchaser.
Defendant is correct that when a deed is not properly acknowledged by one qualified to do so, constructive knowledge is not imputed on a subsequent purchaser. See Dyson Descendant Corp. v. Sonat Expl. Co. , 861 S.W.2d 942, 948 (Tex. App.-Houston [1st Dist.] 1993, no writ) (citing Hill v. Taylor , 77 Tex. 295, 14 S.W. 366, 367 (1890) ). The rule is stated as follows:
One who is financially and beneficially interested in a transaction is disqualified from taking an acknowledgment concerning the transaction. However, if the instrument and the notary's certificate are regular on their face, and in no way disclose the interest of the notary in the transaction, the instrument is valid to *833 subsequent purchasers without notice of the defect.
Id. Determining whether a notary is financial or beneficially interested in the transaction is a question of fact. Creosoted Wood Block Paving Co. v. McKay , 211 S.W. 822, 824 (Tex. Civ. App.-Dallas 1919, no writ) ("[T]o disqualify the officer he must have a direct pecuniary interest in the consideration of the instrument certified or such interest in upholding it. Whether he has is ordinarily an issue of fact."). Here, the facts are undisputed. Plaintiff's husband acknowledged the alleged Deed which purported to grant the Property to Plaintiff as her sole and separate property. (Doc. 15 at 23). Thus, the first issue is whether Plaintiff's husband had a direct financial or beneficial interest in the transaction conveying Property to Plaintiff by virtue of his relationship to Plaintiff as husband and wife such that he was disqualified from taking an acknowledgment concerning the transaction.
The records indicate that despite Ouzts conveying to Plaintiff the Property--which includes several condominiums producing rental income--as her "sole and separate" Property, Plaintiff's husband would be entitled to rental income produced by the Property under Texas law.[5] See Alsenz v. Alsenz , 101 S.W.3d 648, 653 (Tex. App.-Houston [1st Dist.] 2003, pet. denied) ("In general, income produced from separate property [of a spouse] is considered community property."). Thus, the Court finds that Plaintiff's husband had a direct financial interest in the transaction conveying to Plaintiff rental property from which they would both derive rental income. See McKay , 211 S.W. at 824 ("The current of authority last cited holds that to disqualify the officer he must have a direct pecuniary interest in the consideration of the instrument certified or such interest in upholding it."). Next, the Court must decide whether the interest was evidenced on the face of the alleged Deed.
In determining whether a deed was regular on its face, a Texas court looked at whether the deed and its acknowledgment disclosed a relationship between the notary and the grantee. Dyson Descendant Corp. v. Sonat Expl. Co. , 861 S.W.2d 942, 948 (Tex. App.-Houston [1st Dist.] 1993, no writ) ("The Runnells deed and its acknowledgment are regular on their face; they do not disclose any relationship of the notary, Patillo, to the grantee, Runnells, or any financial interest of Patillo in the conveyance."). The court found that because the documents did not disclose a relationship between the notary and the grantee nor a financial interest of the notary in the conveyance, the acknowledgment was not defective on its face. Id. Here, the same is not true. The alleged Deed and its acknowledgment disclose some relationship between Plaintiff--Brenda J. Kirwan--and the notary--Thomas J. Kirwan--by virtue of their unique last name. (Doc. 15 at 23). Thus, under the rule in Dyson , because the alleged Deed seems to disclose a relationship between the notary and Plaintiff, the alleged Deed is not valid to Defendant if she knew of the defect. Dyson , 861 S.W.2d at 948.
As stated by the Defendant, "a defectively acknowledged instrument does not bind a purchaser with notice of a defect." (Doc. 51 at 12); see also Wells v. Laird , 57 S.W.2d 395, 396 (Tex. Civ. App.-Texarkana 1933, no writ) (explaining that the purchaser must have notice *834 of the defect "before payment of the purchase money"). Because the parties dispute whether Defendant knew of the defect in the alleged Deed, and such determination is a question of fact, the Court cannot grant summary judgment in favor of either party. Accordingly, the Court denies the parties' respective motions for summary judgment on whether Defendant is a bona fide purchaser and whether Defendant had constructive knowledge of the alleged Deed.[6] (Docs. 51, 53).
B. Declaratory Judgment
Defendant moves for summary judgment as to Plaintiff's declaratory judgment claim. (Doc. 51 at 13). Defendant also raised this argument in its Response to Plaintiff's Motion for Partial Summary Judgment. (Docs. 15, 19). According to Defendant, the declaratory judgment claim is duplicative of Plaintiff's trespass to try title claim. (Doc. 51 at 13). Defendant argues that Plaintiff 'cannot use the declaratory judgment claim as a vehicle to obtain attorney fees." Id. at 14. Plaintiff did not respond to Defendant's arguments.
The Texas Uniform Declaratory Judgment Act "permits parties to obtain judicial declarations of their rights, status, and legal relations under contracts and other written agreement." Coinmach Corp. v. Aspenwood Apartment Corp. , 417 S.W.3d 909, 926 (Tex. 2013) (citing Tex. Civ. Prac. & Rem. Code § 37.004(a) ). However, in this case, like in Coinmach , Plaintiff seeks a determination of her legal interest and possessory rights to the Property, "which is the very relief that the trespass-to-try title statute governs." Id. The rule is that when "the trespass-to-try title statute governs the parties' substantive claims ... [the plaintiff] may not proceed alternatively under the Declaratory Judgments Act to recover [her] attorney fees." Martin v. Amerman , 133 S.W.3d 262, 267 (Tex. 2004). Thus, the Court grants Defendant's motion for summary judgment as to Plaintiff's declaratory judgment claim. (Doc. 51). Further, because Plaintiff's Motion for Partial Summary Judgment requests that the Court make several declarations construing the language in the alleged Deed, the Court denies Plaintiff's Motion. (Doc. 15).
C. Money Had and Received
Defendant argues that because the alleged Deed is testamentary in character and thus "Ouzts' death had no impact on her title," Defendant's "receipt of rental income from the Property does not result in unjust enrichment." (Doc. 51 at 15). Thus, Defendant argues Plaintiff's money had and received claim fails. Id.
"To prove a claim for money had and received, a plaintiff must show that a defendant holds money which in equity and good conscience belongs to him. In defending against such a claim, a defendant may present any facts and raise any defenses that would deny a claimant's right under this theory." MGA Ins. Co. v. Charles R. Chesnutt, P.C. , 358 S.W.3d 808, 814 (Tex. App.-Dallas 2012, no pet.) (citations omitted). As noted above, the alleged Deed is a deed and not testamentary in nature. Moreover, because there is a genuine dispute of material fact regarding the delivery of the alleged Deed and the bona fide purchaser defense, the Court can determine *835 neither the impact of Ouzts' death on either parties' interest in the Property, nor whether Defendant was unjustly enriched after Ouzts' death. Accordingly, the Court denies Defendant's motion for summary judgment on Plaintiff's money had and received cause of action.
D. Estoppel by Deed
Plaintiff argues that Defendant is estopped from disclaiming the alleged Deed because as Ouzts' successor, Defendant is bound by the warranty clause in the alleged Deed. (Doc. 15). "Estoppel by deed or contract precludes parties to a valid instrument from denying its force and effect." Schroeder v. Texas Iron Works, Inc. , 769 S.W.2d 625, 628-29 (Tex. App.--Corpus Christi 1989), aff'd on other grounds , 813 S.W.2d 483 (Tex.1991) (citing Angell v. Bailey , 225 S.W.3d 834, 841 (Tex. App.-El Paso 2007, no pet.) ). Because the validity of the alleged Deed is in question, the Court cannot apply the doctrine to the facts of this case. Accordingly, the Court denies Plaintiff's request. (Docs. 15, 56).
E. Defendant's Estoppel & Unjust Enrichment Defenses
Because Defendant withdrew her estoppel Defense (Doc. 55 at 10), the Court grants Plaintiff's motion for summary judgment as to said defense. (Doc. 52).
Plaintiff further requests that the Court grant summary judgment in her favor as to Defendant's defense for unjust enrichment--premised on the improvement made and taxes paid by the Defendant on the Property. (Doc. 52). "One who improves real estate under the erroneous but good faith belief that he owns the land is entitled to recover from the true owner the cost of the improvements to the extent they have enhanced the value of the property." Whelan v. Killingsworth , 537 S.W.2d 785, 786 (Tex. Civ. App.-Texarkana 1976, no writ) (citing 30 Tex. Jur. 2d, Improvements-Private, Sec. 15, p. 311; 43 Tex. Jur. 2d, Oil and Gas, Sec. 565, p. 403). Ordinarily, the question of good faith is one of fact to be determined by the jury or the trier of fact. Id. Accordingly, the Court denies Plaintiff's motion for summary judgment as to Defendant's defense for unjust enrichment.
F. Plaintiff's Motion to Strike
The Court denies Plaintiff's motion to strike Exhibit B-1 and Exhibit C, as detailed above. Moreover, because the Court did not rely on the remaining exhibits in ruling on the parties' respective motions, the Court denies Plaintiff's remaining requests to strike.
IV. CONCLUSION
For the reasons stated above, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion for Summary Judgment (Doc. 51). Accordingly, Plaintiff's declaratory judgment cause of action is DISMISSED WITH PREJUDICE. Plaintiff's trespass to try title and money had and received claims remain.
The Court further GRANTS IN PART and DENIES IN PART Plaintiff's Motion for Summary Judgment on Defendant's Defenses (Doc. 52). Defendant's estoppel defense is withdrawn while Defendant's unjust enrichment defense remains.
The Court further DENIES Plaintiff's Motion for Partial Summary Judgement. (Doc. 15).
The Court further DENIES Plaintiff's Motion for Partial Summary Judgment on Delivery, Constructive Notice, and Bona Fide Purchaser (Doc. 53).
The Court further DENIES Plaintiff's Motion to Strike Defendant's Summary Judgment Evidence. (Doc. 54)
*836 The Court finally DENIES Plaintiff's Unopposed Motion for Hearing. (Doc. 58).
It is so ORDERED.

Whether the alleged Deed was properly acknowledged is discussed below.

Defendant also urges the Court to construe the alleged Deed "to give it the effect of a terminable, non-testamentary instrument." (Doc. 19 at 10). Defendant does not dispute that the Transfer on Death Deed statute does not apply to the alleged Deed because as of the date of the alleged Deed, the statute had not yet been adopted in Texas. Id. Nonetheless, Defendant points to a case applying Texas common law in interpreting an attempted transfer on death deed to hold the deed was a revocable, non-testamentary instrument. Id. However, in In re Turner , the case Defendant cites, the grantor expressly reserved not only the right of possession, benefit and use, but also the "unilateral power of sale of any or all of the [Property] with or without the consent of [grantee]." In re Turner , No. 06-17-00071-CV, 2017 WL 6062655, at *1 (Tex. App.-Texarkana Dec. 8, 2017), cert. denied sub nom. , --- U.S. ----, 139 S.Ct. 160, 202 L.Ed.2d 37 (2018). In the case at bar, however, Ouzts did not retain the right to sell the property. (Doc. 15 at 23). Thus, In re Turner does not apply. The Court finds that Defendant's argument that the alleged Deed is a terminable, non-testamentary instrument fails.

Plaintiff moves to strike Exhibit B-1 under Federal Rule of Evidence 401, 403, and 802 --relevancy and hearsay. (Doc. 54 at 5). However, the Court finds that the document is relevant to the issue of delivery and that Plaintiff has not shown how the relevant exhibit's probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 401, 403. Further, under Federal Rule of Evidence 803(3), the letter is not inadmissible hearsay because it tends to show Ouzts' plan and intent to retrieve the documents previously given to Plaintiff. Id. at 803(3). Accordingly, Plaintiff's Motion to Strike Exhibit B-1 is denied. (Doc. 54 at 5).

Plaintiff moves to strike Defendant's Exhibit C under Federal Rule of Evidence 401, 403, and 802 --relevancy and hearsay. (Doc. 54 at 6). However, Exhibit C is The Last Will and Testament of William Roy Ouzts. (Doc. 51-1 at 44). Because it contains statements that affect an interest in property, it falls under an exception to hearsay. Fed. R. Evid. 803(15). Further, the document is relevant in determining Ouzts' intent to deliver the alleged Deed. Accordingly, Plaintiff's Motion to Strike Exhibit C is denied.

There exists an exception where the separate property concerns oil-and-gas royalties. Norris v. Vaughan , 152 Tex. 491, 260 S.W.2d 676, 679 (1953). However, that exception does not apply to the facts of this case.

Plaintiff alternatively argues that the Rescission Deed, which was also recorded and references the alleged Deed, placed Defendant on notice of the alleged Deed. (Doc. 54 at 15-16). While this may be correct, the question remains: was the recordation of the alleged Deed proper such that it constitutes constructive notice of Plaintiff's interest in the Property?